## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| INTERCOMMUNITY JUSTICE AND PEACE CENTER, Erlin Lorena RODRIGUEZ ENAMORADO, individually and as next friend of J.G.R., Maria MONJARAZ, individually and as next friend of A.M., on behalf of themselves and all others similarly situated, | No: 2:18-cv-1247 |
| Plaintiffs, | |
| v. | Chief Judge Sargus |
| | Magistrate Judge Jolson |
| Don Petit, Registrar, Ohio Bureau of Motor Vehicles, in his official capacity, | |
| Defendant. | |

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on 12/3/2018 and was attended by:

Emily Brown, counsel for all plaintiff(s),
Kathleen Kersh, counsel for all plaintiff(s),
Mark Heller, counsel for all plaintiff(s),
Eugenio Mollo, counsel for all plaintiff(s),
Caroline Gentry, counsel for all plaintiff(s),
Ana Crawford, counsel for all plaintiff(s),

Hilary Damaser, counsel for defendant(s) Petit,
Cory Goe, counsel for defendant(s) Petit,
Jahan Karamali, counsel for defendant(s) Petit,

Brian Honen, counsel for defendant(s) Petit,

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and

1

confer on the matters outlined below.

1.    CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

\_\_\_\_Yes     **X** \_\_No

2.    INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

**X**\_Yes     \_\_\_\_No     \_\_\_\_The proceeding is exempt under Rule 26(a)(1)(B).

If yes, such initial disclosures shall be made by **December 17, 2018.**

3.    VENUE AND JURISDICTION

Are there any contested issues related to venue or jurisdiction?

\_\_\_\_Yes     \_**X**\_\_\_\_No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by _____.

4.    PARTIES AND PLEADINGS

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by **January 15, 2019**.

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by _____.

5.    MOTIONS

   a. Are there any pending motion(s)?

   \_\_\_\_Yes     X\_\_\_No

   If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

   b. Are the parties requesting expedited briefing on the pending motion(s)?

_____Yes   _____No

If yes, identify the proposed expedited schedule:

Opposition to be filed by_____; Reply brief to be filed by_____.

6. ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

**Plaintiffs' statement:**

**Plaintiffs challenge Defendant's policy of permitting only a parent or legal guardian from serving as a co-signer on a minor's driver's license or state identification application. This policy prevents minors who are otherwise eligible for licenses (either because they are U.S. citizens or have a lawful immigration status) from obtaining licenses if their parents lack lawful immigration status. Plaintiffs bring one cause of action for violations of the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs seek class certification, declaratory and injunctive relief and attorney fees. There is a jury demand.**

**Defendant's statement:**

**Plaintiffs challenge the statutory requirement that a driver's license application submitted by a minor be co-signed by one of the minor's parents, the minor's guardian, another person having custody of the applicant, or, if there is no parent or guardian, a responsible person who is willing to assume the obligation imposed by law. R.C. 4507.07. Plaintiffs allege that Defendant's policy requiring the adult co-signer to submit documentation proving identity prevents minors who are otherwise eligible for licenses from obtaining licenses if their parents lack the required documents that prove identity. Plaintiffs bring one cause of action for violations of the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs seek class certification, declaratory and injunctive relief and attorney fees. There is a jury demand.**

7. DISCOVERY PROCEDURES

   a. Plaintiffs ask that **all fact discovery** be completed by **March 31, 2019**. Defendants seek to stay discovery pending the resolution of the motion to dismiss they intend to file, which Plaintiffs oppose. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.

   b. Do the parties anticipate the production of ESI?   **X**__Yes   _____No

If yes, describe the protocol for such production: **Plaintiff will request ESI in the form of emails, BMV investigatory records, and BMV policies. We would anticipate emails to be produced in native format with all metadata, but are willing to discuss mutually agreeable terms.**

    c. Do the parties intend to seek a protective order or clawback agreement? **Not at this time.**

       If yes, such order or agreement shall be produced to the Court by _____.

8. DISPOSITIVE MOTIONS

    a. Any dispositive motions shall be filed by **July 31, 2019 (unless discovery is stayed pending resolution of the motion to dismiss).**

    b. Are the parties requesting expedited briefing on dispositive motions?

       ____Yes    **X**____No

       If yes, identify the proposed expedited schedule:

       Opposition to be filed by _____; Reply brief to be filed by _____.

9. EXPERT TESTIMONY

    a. Primary expert reports must be produced by **May 31, 2019 (unless discovery is stayed)**.

    b. Rebuttal expert reports must be produced by **June 30, 2019 (unless discovery is stayed)**

10. SETTLEMENT

Plaintiff(s) will a make a settlement demand by **February 15, 2019**. Defendant will respond by **March 1, 2019**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference during this Court's settlement week. The parties request the following week:

March 20___; **June 2019___**; September 20___; December 20___

**The parties agree to reconsider this settlement conference date based upon further developments in the case.** In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the beginning of settlement week. The parties understand that they will be expected to comply fully with the settlement week orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11. RULE 16 PRETRIAL CONFERENCE

Do the parties request a scheduling conference?

  **X**  Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place _____ in chambers **X** telephone.

_____ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12. <u>OTHER MATTERS</u>

Indicate any other matters for the Court's consideration: Plaintiffs intend to seek class certification and will seek expedited consideration of the class certification motion after a short period of discovery on class-related issues. The parties do not recommend that discovery proceed in phases; rather, discovery on both class issues and the merits should commence immediately.

Plaintiffs propose to file their supplemental brief in support of their Motion for Class Certification by April 15, 2019, with the response due by May 6, 2019 and Plaintiffs' reply by May 20, 2019. Plaintiffs request expedited consideration of that Motion by the Court once it is fully briefed.

Plaintiffs seek to do some depositions of BMV officials jointly with the related case *CRIS v. Petit*, No. 2:18-cv-1189 (S.D. Ohio, filed Oct. 5, 2018), also pending before Chief Judge Sargus and Magistrate Judge Jolson. This approach will conserve resources for both Plaintiffs and Defendant as many BMV officials will need to be deposed only once.

Signatures:

Attorneys for Plaintiff(s):                                   Attorney for Defendant(s):

/s/ Emily M. Brown                                            /s/ Hilary R. Damaser
Bar # 92553                                                   Bar # 0059190

/s/ Kathleen C. Kersh
Bar # 0091198

/s/ Mark R. Heller
Bar # 0027027

/s/ Eugenio Mollo, Jr.
Bar # 0081860

/s/ Caroline Gentry
Bar # 0066138

/s/ Ana P. Crawford
Bar # 0090581

Date: December 5, 2018