**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **INTERCOMMUNITY JUSTICE AND PEACE CENTER, Erlin Lorena RODRIGUEZ ENAMORADO, individually and as next friend of J.G.R., Maria MONJARAZ, individually and as next friend of A.M., Maria Del Rosario CABRERA, individually and as next friend of K.I.A., on behalf of themselves and all others similarly situated,** | : : : : : : : : : : | Case No. 2:18-cv-1247<br><br>Chief Judge Sargus<br><br>Magistrate Judge Jolson<br><br>**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| **Plaintiffs,** | : : | |
| **v.** | : : | |
| **Don Petit, Registrar, Ohio Bureau of Motor Vehicles, in his official capacity,** | : : : | |
| **Defendant.** | : | |

---

Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs Intercommunity Justice and Peace Center, Erlin Lorena Rodriguez Enamorado on behalf of minor child J.G.R., Maria Monjaraz on behalf of minor child A.M., and Maria Cabrera on behalf of minor child K.I.A. move for an order certifying this matter to proceed as a class under Rule 23(b)(2).

Plaintiffs seek to represent a class consisting of all 16- and 17-year-olds residing in Ohio who are U.S. citizens or otherwise "legally present," and whose parents are non-citizens and do not possess the required USCIS documentation to co-sign the minors' driver's license or state identification card applications. For the reasons stated in the attached memorandum in support, Plaintiffs satisfy all the prerequisites to class certification under Rule 23(b)(2), namely,

1

numerosity, commonality, typicality, adequacy, and the appropriateness of injunctive and
declaratory relief because Defendant has acted or failed to act on grounds generally applicable to
the class.

Plaintiffs further request that Emily Brown, Kathleen Kersh, Mark Heller, and Eugenio
Mollo of Advocates for Basic Legal Equality, Inc., and Caroline Gentry and Ana P. Crawford of
Porter Wright Morris & Arthur LLP, be appointed as class counsel in this case.  A proposed
order is attached as Exhibit F.

Respectfully submitted,

By:    */s/ Emily M. Brown*
       Emily M. Brown (0092553)
       Kathleen C. Kersh (0091198)
       Mark R. Heller (0027027)
       Eugenio Mollo, Jr. (0081860)
       Advocates for Basic Legal Equality, Inc.
       130 West Second St., Suite 700E
       Dayton, Ohio 45402
       937.535.4408 (phone)
       937.535.4600 (fax)
       ebrown@ablelaw.org
       kkersh@ablelaw.org
       mheller@ablelaw.org
       emollo@ablelaw.org


       Caroline H. Gentry (0066138)
       Ana P. Crawford (0090581)
       David P. Shouvlin (0066154)
       Porter Wright Morris & Arthur LLP
       One South Main Street, Suite 1600
       Dayton, OH 45402
       937-449-6748 (phone)
       937-449-6820 (fax)
       cgentry@porterwright..com
       acrawford@porterwright.com
       dshouvlin@porterwright.com

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

### I.    INTRODUCTION

Plaintiffs bring this action on behalf of themselves and all others similarly situated to challenge Defendant's unconstitutional policy that denies Ohio driver's licenses and state identification cards to 16- and 17-year-olds residing in Ohio who are U.S. citizens or otherwise "legally present" in the United States per Bureau of Motor Vehicle ("BMV") definitions but whose parents are undocumented and therefore cannot serve as co-signers on their children's applications for driver's licenses or state identification cards.

### II.    FACTS

The three named individual Plaintiffs are all minor Ohio residents and high school students who are legally entitled to obtain driver's licenses and state identification cards. Plaintiffs K.I.A. and A.M. are U.S. citizens who have spent their entire lives in the United States; Plaintiff J.G.R. has special immigrant juvenile status and is legally entitled to reside in the U.S. Am. Compl., Dkt. #11, at ¶¶ 13, 15, 53.  Unlike most 16- and 17-year-old Ohioans, however, K.I.A., A.M., J.G.R., and many of the members of Plaintiff Intercommunity Justice and Peace Center ("IJPC") cannot obtain a driver's license because their parents are undocumented and BMV policy prohibits them from co-signing their children's driver's license applications.  *Id.* at ¶¶ 8-16.  BMV policy further prohibits an undocumented parent from designating a "responsible person" to co-sign for the child's application, a workaround provision available under Ohio law. Ohio Rev. Code § 4507.07(A). Am. Compl., at ¶ 1.  Therefore, named Plaintiffs and all other similarly-situated minors are categorically denied access to a driver's license or state-issued photo identification based solely on their parents' national origin and immigration status. Without a driver's license, named Plaintiffs—and the class of thousands of other youth in Ohio

3

they seek to represent—are unable to drive themselves to work and school, help support their families, and fully participate in society.

The proposed class that Plaintiffs seek to represent consists of:

> All 16- and 17-year-olds residing in Ohio who are U.S. citizens or otherwise "legally present," and whose parents are non-citizens and do not possess the required USCIS documentation to co-sign the minors' driver's license or state identification card applications.

### III.     LAW AND ARGUMENT

A federal court may certify a suit as a class action where the proposed class meets all of the requirements of Federal Rule of Civil Procedure 23(a) and fits within one of the subcategories of Federal Rule of Civil Procedure 23(b). *Young v. Nationwide Mut. Ins. Co*., 693 F.3d 532, 537-538 (6th Cir. 2012).

A district court is required to conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are satisfied before certifying a class.  *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).  A preliminary inquiry into the merits is generally not appropriate when considering a motion for class certification; instead, "[m]erits questions may be considered to the extent—*but only to the extent*—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."  *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 505 (6th Cir. 2015) (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013)).

In this case, the Class easily satisfies the requirements of Rule 23(a) and (b)(2). Thus, this Class should be certified.

### i.   The Class Is So Numerous that Joinder of All Members is Impracticable

Plaintiffs will meet the "numerosity" requirement of Rule 23(a)(1) if they demonstrate the impracticability of joinder. *Young*, 693 F.3d at 541 (*quoting In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996)). Joinder need not be impossible. There is no "strict numerical

test for determining impracticability of joinder." *In re Am. Med. Sys.,* 75 F.3d at 1079. A court may certify a class even when a plaintiff does not know the exact number of class members. *Senter v. General Motors Corp.*, 532 F.2d 511, 523 n. 24 (6th Cir. 1976). A large number of potential plaintiffs, however, can be sufficient to satisfy numerosity. *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) ("[The] sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy [numerosity]."); *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005) (holding a district court did not abuse its discretion when granting class certification to a class of Columbus tenants whose water service was or will be terminated because of the landlord or prior tenant's indebtedness, where for purposes of showing numerosity the plaintiffs relied only on the fact that the city of Columbus had 150,000 renters). Additionally, courts frequently certify classes where the size of the class is not precisely known. *Bovee v. Coopes & Lybrand*, 216 F.R.D. 596, 608 (S.D. Ohio 2003) (certifying a class where the court noted that "plaintiffs believe that the class numbers in the thousands").

Plaintiffs estimate that there are approximately 3000 members of the proposed class. This estimation was derived from analyses of available census data. According to a Migration Policy Institute analysis of data from the U.S. Census Bureau, during the period of 2009 to 2013, approximately 25,000 U.S.-citizen minor children living in Ohio had at least one undocumented parent.[1] Assuming a roughly equal population split across children ages 0-17, about 11.1% (1 in 9) of these 25,000 U.S. citizen children, or 2,775 children, would be 16 or 17 years old. Additionally, according to U.S. Citizenship and Immigration Services ("USCIS") data, 4,292

---

[1] https://www.migrationpolicy.org/research/profile-us-children-unauthorized-immigrant-parents (Table A-2).

Ohio residents received initial grants of DACA from fiscal year 2012 (when the program began accepting applications) to fiscal year 2017.[2]  Because DACA holders must be 15 years old to apply to the program and must not have reached the age of 31 years old by June 15, 2012, only a small percentage of those 4,292 DACA holders are currently under the age of 18; therefore, this portion of the class is likely a few hundred individuals.  Accordingly, the total estimated class size is likely around 3,000 members.

Consequently, the Class is sufficiently numerous to satisfy the numerosity requirement. *See Senter,* 532 F.2d at 522-523 ("In ruling on a class action a judge may consider reasonable inferences drawn from facts before him at that stage of the proceedings"); *Smith v. Waterman S.S. Corp.*, 2011 U.S. Dist. LEXIS 103369, at *4 (E.D. Mich. Sept. 13, 2011) ("It is the duty of a district court faced with the question of class-action certification to scrutinize the available evidence [and] draw reasonable inferences from the facts available at this stage of the proceeding . . . "); *Putnam v. Davies*, 169 F.R.D. 89, 93 (S.D. Ohio 1996) (noting that numerosity was satisfied even though plaintiff "has not offered evidence with respect to the number of potential class members," because the named plaintiff had asserted that law enforcement executed the challenged policy on a daily basis).

Other factors courts look to in determining impracticability of joinder include "judicial economy, geographical dispersion of class members, ease of identifying putative class members, and practicality with which individuals [sic] putative class members could sue on their own." *Crawley v. Ahmed*, No. 08-cv-14040, 2009 U.S. Dist. LEXIS 40794, at *28-29 (E.D. Mich. May

---

[2]USCIS, "Number of 821D Consideration of Deferred Action for Childhood Arrivals by Fiscal Year, Quarter, Intake, Biometrics and Case Status FY 2012-2017," *available at* https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immigration%20Forms%20Data/All%20Form%20Types/DACA/daca_performancedata_fy2017_qtr1.pdf.

14, 2009).  Here, Class members are dispersed throughout the state and are not easily identified, particularly since undocumented people (i.e., the minor class members' parents) tend to avoid informing third parties or the government of their status because of the risk of being placed in removal (deportation) proceedings.  Class members also are not easily identified because Defendant does not keep records of each specific minor applicant who is turned away based upon the challenged policy.  These factors, too, militate in favor of finding that the numerosity requirement has been met.

## ii.  There are Questions of Law and Fact Common to the Class

The "commonality" requirement of Rule 23(a)(2) is satisfied where there is a question of law or fact common to the class. The test is "qualitative rather than quantitative . . . [and] there need be only a single issue common to all members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1080 (quoting 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3.10, at 3-50 (3d ed. 1992)); *see also Powers v. Hamilton Co. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). If a common issue unites putative class members, "variations in the circumstances of class members are acceptable." *Bacon*, 370 F.3d at 570. The Sixth Circuit has also observed that plaintiffs satisfy the commonality prong where resolving the common issue will "advance the litigation." *Sprague v. Gen'l Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998); *see also Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 424 (6th Cir. 1998) ("[T]he commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members.") (quotation omitted).

"To demonstrate commonality, the plaintiffs' 'claims must depend on a common contention . . . of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one

of the claims in one stroke.'" *Young*, *supra* at 542 (citation omitted). In a case such as this one, which alleges that Defendant's policy is illegal, "the commonality requirement will be satisfied as long as the members of the class have allegedly been affected by a general policy of the Defendant and the general policy is the focus of the litigation." *Bovee v. Coopes & Lybrand*, 216 F.R.D. 596, 608 (S.D. Ohio 2003) (citing *Putnam*, 169 F.R.D. at 93).

The questions of law and fact that are common to all members of the class include: (1) does the Defendant have a policy of not allowing a non-parent or non-guardian to co-sign a minor's driver's license or state identification application where the parent cannot produce the required USCIS documents to show "legal presence," (2) does such a policy unlawfully discriminate against U.S. citizens and minors with lawful presence on the basis of their parents' national origin in violation of the Equal Protection Clause of the Fourteenth Amendment, and (3) should such a policy be permanently enjoined by this Court?

As was the case in *Putnam*, where the class challenged the constitutionality of a state law enforcement policy regarding seizure of vehicles, the named Plaintiffs in this case seek to redress an unconstitutional state policy carried out against themselves and all class members. As such, the named Plaintiffs share common questions of law or fact with the putative class.

Moreover, the common questions are central to the case. For example, a holding that the Defendant's conduct is unconstitutional because it discriminates against a group of minors on the basis of their national origin and their parents' national origin would resolve the case for all class members "in one stroke." *Young*, 693 F.3d at 542. Therefore, resolving the common issues will most certainly "advance the litigation." *Sprague*, 133 F.3d at 397.

      iii.  <u>The Claims of the Named Plaintiffs are Typical of the Claims of the Class</u>

The typicality requirement of Rule 23(a)(3) ensures that the class representative will adequately represent the members of the class by requiring her claims to be sufficiently similar

to the claims and defenses of the putative class members.  *Day v. NLO*, 144 F.R.D. 330, 334 (S.D. Ohio 1991).  All named individual plaintiffs here satisfy the typicality requirement.

Plaintiff A.M., a U.S. citizen minor and resident of Toledo, attempted to apply for an Ohio's driver's license using his mother as his co-signer.  Declaration of Maria Monjaraz, Exhibit A, ¶¶ 2-3, 5-6.  Ms. Monjaraz presented her valid Mexican consular identity card, but the Deputy Registrar informed them that Ms. Monjaraz could not serve as A.M.'s co-signer because she did not have a valid Ohio license.  *Id.* at ¶¶ 7-8.  Ms. Monjaraz is unable to obtain an Ohio license or federal identity document because she does not have a valid immigration status.  *Id.* at ¶ 10.

Plaintiff J.G.R., a minor and citizen of Honduras and resident of Columbus, is eligible for an Ohio driver's license or state identification card because she resides in Ohio and holds special immigrant juvenile status.  Declaration of Erlin Lorena Enamorado Rodriguez, Exhibit B, ¶¶ 1-2, 5. J.G.R.'s mother, Plaintiff Erlin Enamorado Rodriguez, accompanied her daughter to the Deputy Registrar to serve as a co-signer on her state identification card application because J.G.R. is a minor.  *Id.* at ¶ 6. Ms. Enamorado Rodriguez presented her valid Honduran passport, but the Deputy Registrar informed them that Ms. Enamorado Rodriguez could not serve as J.G.R.'s co-signer because she did not have a valid Ohio license.  *Id.* at ¶ 7.  Ms. Enamorado Rodriguez is unable to obtain an Ohio license or federal identity document because she does not have a valid immigration status.  *Id.* at ¶ 8.

Plaintiff K.I.A., a U.S. citizen minor and resident of Cincinnati, is unable to apply for an Ohio driver's license because she does not have a custodial parent who can serve as her co-signer.  Declaration of Maria Cabrera, Exhibit C, ¶¶ 5-6, 9-10.  K.I.A.'s only custodial parent is her mother, who does not have a valid immigration status and therefore cannot obtain an Ohio

license or other federal identity document.  *Id.* at ¶¶ 2, 10.  At age 16, K.I.A. is precluded from getting a driver's license because of her mother's immigration status.  *Id.* at ¶ 9-10.

The Intercommunity Justice and Peace Center is a nonprofit advocacy and educational organization whose mission is to combat discrimination against immigrants and advance the integration of immigrants and their families.  Declaration of Allison Reynolds-Berry, Executive Director of IJPC ("Reynolds-Berry Decl."), Exhibit D, at ¶¶ 2, 4-5.  One of its core programs, Youth Educating Society ("YES"), is a membership-based organization of youth ages 14-25 who are immigrants or the children of immigrants.  *Id.* at ¶ 6, 8. YES empowers its members to advocate for immigrant rights and to tell their personal stories in public forums.  *Id.* at ¶¶ 6, 8. Many YES members, including named Plaintiff K.I.A., have been affected by the BMV's minor co-signer policy because they are 16 or 17 years old and eligible to obtain driver's licenses but have parents without lawful immigration status.  *Id.* at ¶ 9, 10, 14.  Moreover, many YES members and their families are afraid to come forward themselves to join this lawsuit because to do so would be to publicly announce the parents' undocumented status.  *Id.* at ¶ 14.  Therefore, IJPC asserts representative standing in this lawsuit to represent its members who are directly affected by the policy.[3]

The claims of Plaintiffs J.G.R., A.M., and K.I.A., as well as the members of IJPC and its YES program, are typical of those of the class because there is a "sufficient relationship . . . between the injury to the named Plaintiffs and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *In re Am. Med. Sys. Inc.*,

---

[3] IJPC also asserts direct standing in the suit on the basis that it has been harmed by the BMV's policy because it has had to divert significant resources to transport its members who cannot obtain driver's licenses, and because its organizational mission has been frustrated by the BMV's policy.  Exhibit D, Reynolds-Berry Decl., ¶¶ 11-13, 15.

75 F.3d at 1082 (*quoting Newberg on Class Actions* at 3-76). The commonality requirement overlaps and merges with the typicality requirement. *Young*, 693 F.3d at 542. Like the commonality requirement, "a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *Senter*, 532 F.2d at 525 n.31).

Because IJPC asserts representative standing in this action on the ground that its members are harmed by the BMV's minor co-signer policy and would be entitled to sue in their own right, *see Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343 (1977), its claims are typical of the proposed class's claims. The Supreme Court has recognized that an organizational plaintiff asserting representative standing can show that its claims are typical of the class of which its individual members are a part. *United Food & Commercial Workers Union Local 751 v. Brown Shoe*, 517 U.S. 554, 549 (1996) ("Since the union is the 'representative of employees…aggrieved,' it is a persons who may sue on behalf of the 'persons similarly situated' in order to 'enforce such liability…'"). *See also LULAC v. Bredesen*, 500 F.3d 523, 529-30 (6th Cir. 2007) (finding an organization had standing to sue as a plaintiff in a class-action challenge to a state driver's license policy, in which the organizational plaintiff relied on affidavits from individual plaintiffs stating they were members of the organization who had suffered injuries from the state's policy). Here, IJPC's executive director avers that its YES program is a membership-based organization and that many of its young members, including K.I.A., have been affected by the BMV's policy. Reynolds-Berry Decl., Exhibit D, at ¶¶ 6, 8-10, 14. K.I.A.'s mother also attests that K.I.A. is a member of IJPC and the YES program. Cabrera Decl., Exhibit C, at ¶¶ 16-17. These facts are sufficient to show that IJPC's members "possess

11

all of the indicia of membership in an organization," *Hunt*, 432 U.S. at 344, and that IJPC's claims are typical of those of the proposed class.

In cases where typicality is satisfied, the proposed class representative's interests are so aligned with the putative class's interests that by pursuing his claim, he advances the class's interests. *Am. Med. Sys.*, 75 F.3d at 1082; *see also Beattie v. Century Tel., Inc.*, 511 F.3d 554, 561-562 (6th Cir. 2007) (finding typicality satisfied where the claims of the named Plaintiffs and the class as a whole arose from the same conduct and were premised on the same allegation); *Crawley*, 2009 U.S. Dist. LEXIS 40794, at *38-39, (finding typicality satisfied in a case seeking to prove unlawful termination of Medicaid benefits where the claims of the class representative and the proposed class arose from the same conduct by the defendant, shared the same legal theory, and the plaintiffs and class members suffered an identical harm in that they were not afforded pre-termination eligibility review and hearings). *Putnam*, 169 F.R.D. at 94 (finding typicality satisfied in a challenge to a state statute regarding the seizure of vehicles of persons who have been arrested for a second offense of operating a motor vehicle under the influence of alcohol, because "there was nothing to indicate that the procedures followed in seizing Plaintiff's vehicle and in addressing Plaintiff's claim that she was an innocent owner differed in any way from the procedures that normally are followed under the statute").

Here, Plaintiffs easily meet the typicality requirement because the claims of the named Plaintiffs and the class arise from the same unlawful conduct, namely Defendant's refusal to allow a parent without valid immigration status to co-sign for an eligible minor child's driver's license or state identification card application, or to allow another responsible adult to be a co-signer for such minors, and there is no indication that Defendant's written policy is carried out differently as to different class members.  Just like named Plaintiffs, all members of the Class

have been harmed or will be harmed by Defendant's practices denying licenses to minors whose non-citizen parents cannot produce valid USCIS documentation.

In sum, the legal theories underlying the claims of the individual Plaintiffs and the claims of the class—which turn on whether Defendant has violated the Equal Protection Clause by discriminating against minors based on their parents' national origin—are identical. The typicality requirement of Rule 23(a) is therefore readily met.

### iv. The Named Plaintiffs Will Fairly and Adequately Protect the Interests of the Class

To demonstrate adequacy of representation, Plaintiffs must show that: (1) the class representative has common interests with the unnamed members of the class; and (2) the representative will vigorously prosecute the interests of the class through qualified counsel. *Young*, 693 F.3d at 543; *Senter*, 532 F.2d at 522. The relationship between the named plaintiffs and members of the putative class must not be antagonistic. *Smith v. Babcock*, 19 F.3d 257, 265 n.13 (6th Cir. 1994). These elements are met in this case.

First, the interests of the named Plaintiffs and the members of the class are entirely the same. As described above, the legal claims of the named Plaintiffs, and of IJPC's members, arise from the same illegal conduct by Defendants that applies to the entire class, and the class members all suffer the same injury. In addition, the named Plaintiffs are sufficiently interested in the outcome of the case to vigorously prosecute the class's claims. They seek declaratory and injunctive relief to ensure that they can obtain driver's licenses and state identification cards, which will enable them to fully participate in civic life; transport themselves to school, work, and other obligations; and contribute financially to their families. This request for relief does not create any conflicts between named Plaintiffs and other class members.

13

Second, counsel for the named Plaintiffs and the proposed class has sufficient experience and expertise to ably represent the proposed class, as well as a track record of vigorously pursuing the interests of their clients. Mark R. Heller has practiced law for more than 40 years, all of it in poverty law and primarily representing immigrants in federal litigation, including numerous class actions and collective actions. Eugenio Mollo, Jr., has 12 years of experience practicing immigration law and litigating on behalf of immigrants in federal court. Emily Brown has experience representing immigrants in a previous class action in the Northern District of Ohio, and Brown and Kathleen Kersh have a combined 9 years of experience practicing immigration law and litigating civil-rights and employment cases in federal district court. Plaintiffs' counsels' law firm, Advocates for Basic Legal Equality, Inc., is the preeminent nonprofit law firm in Ohio in litigation involving immigrants' civil rights. Caroline Gentry has been a litigation attorney for over twenty years with significant experience in federal court. For years she has devoted a portion of her practice to class action work and has served as Chair or Co-Chair of Porter Wright's Class Action Practice Group. Ana Crawford has over five years of litigation experience, including federal trial-work on civil rights issues. *See* Exhibit E, Brown, Heller, Kersh, Mollo, Gentry, and Crawford resumes. Plaintiffs' attorneys will prosecute this action vigorously and competently.

Accordingly, Plaintiffs will fairly and adequately protect the interests of the class in this action, which satisfies the requirements of Rule 23(a)(4).

## B. *The Proposed Class Meets the Requirements of Rule 23(b)(2)*

Where a proposed class meets the requirements of Rule 23(a), the class may be certified if it satisfies one of the conditions set forth in Rule 23(b). Rule 23(b)(2) permits class certification when "the party opposing the class has acted or refused to act on grounds that apply

generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

Certification under Rule 23(b)(2) is appropriate where "the common claim is susceptible to a single proof and subject to a single injunctive remedy." *Senter*, 532 F.2d at 525. "Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits." 8 *Newberg on Class Actions*, § 25:20. In actions primarily seeking injunctive relief, the (b)(2) requirement is "almost automatically satisfied." *Baby Neal v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994). "When a suit seeks to define the relationship between the defendant(s) and the world at large, (b)(2) certification is appropriate." *Id*. (internal quotation marks and ellipses omitted). "What is important is that the relief sought by the named plaintiffs should benefit the entire class." *Id*. at 59.

In *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557 (2011), the Supreme Court held that Rule 23(b)(2) applies when a single injunction or declaratory judgment would provide relief to each member of the class.  This class easily meets that standard, as all members of the class seek injunctive and declaratory relief from Defendant's unlawful and generally applicable custom, policy, or practice of not permitting minors with undocumented parents to obtain driver's licenses or state identification cards because their parents cannot produce the required USCIS documents to show what the BMV characterizes as "legal presence."  The named Plaintiffs do not contend that they were singled out for unlawful treatment.  On the contrary, they contend that their treatment is in accordance with an official BMV policy, as is the treatment of other class members.  The remedy they seek—declaratory and injunctive relief to force Defendant to cease its policy of denying licenses and identification cards to minors whose parents cannot satisfy the requirement for non-citizens to produce USCIS documents showing "legal presence"—would apply to and benefit all members of the proposed class.  An order

15

entered by this Court holding that the policy violates the Equal Protection Clause would, by its terms, inure to the benefit of all members of the class.  Certification is therefore appropriate under Rule 23(b)(2).

### IV.    CONCLUSION

The proposed class satisfies the requirements of Rule 23(a) and Rule 23(b)(2). Therefore, Plaintiffs respectfully request that this Court enter an order certifying the class and appointing class counsel as set forth fully in the motion above.

Respectfully submitted,

By:    */s/ Emily M. Brown*
      Emily M. Brown (0092553)
      Kathleen C. Kersh (0091198)
      Mark R. Heller (0027027)
      Eugenio Mollo, Jr. (0081860)
      Advocates for Basic Legal Equality, Inc.
      130 West Second St., Suite 700E
      Dayton, Ohio 45402
      937.535.4408 (phone)
      937.535.4600 (fax)
      ebrown@ablelaw.org
      kkersh@ablelaw.org
      mheller@ablelaw.org
      emollo@ablelaw.org

      Caroline H. Gentry (0066138)
      Ana P. Crawford (0090581)
      David P. Shouvlin (0066154)
      Porter Wright Morris & Arthur LLP
      One South Main Street, Suite 1600
      Dayton, OH 45402
      937-449-6748 (phone)
      937-449-6820 (fax)
      cgentry@porterwright..com
      acrawford@porterwright.com
      dshouvlin@porterwright.com

      *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Motion for Class Certification was filed on December 13, 2018 through the Court's Electronic Filing System and thereby served on all parties.

*s/ Emily M. Brown*
Emily M. Brown (0092553)

*Attorney for Plaintiffs*
