# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| INTERCOMMUNITY JUSTICE AND PEACE CENTER, et al. | Case No. 2:18-CV-1247 |
| Plaintiffs, | Judge Edmund A. Sargus, Jr. |
| vs. | Magistrate Kimberly A. Jolson |
| CHARLES L. NORMAN, REGISTRAR, OHIO BUREAU OF MOTOR VEHICLES, in his official capacity, |  |
| Defendant. |  |

## DEFENDANT CHARLES L. NORMAN, REGISTRAR, OHIO BUREAU OF MOTOR VEHICLES' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Charles L. Norman[1], Registrar, Ohio Bureau of Motor Vehicles (the "Registrar ") moves this Court to dismiss Plaintiffs' claims in their entirety. As explained in the Memorandum in Support, Plaintiffs have failed to state a claim against Registrar Norman upon which relief can be granted.

(Signature on following page)

---

[1] Pursuant to Federal Rule 25(d), Registrar Charles Norman has replaced Registrar Don Petit.

Respectfully submitted,

DAVE YOST
Attorney General of Ohio

/s/ Brian R. Honen
Hilary R. Damaser (0059190)
Brian Honen (0084880)
Cory Goe (0090500)
Jahan Karamali (0093800)
Assistant Attorneys General
Executive Agencies Section
30 East Broad Street, 26th Floor
Columbus, Ohio  43215-3428
614.466.2980; FAX: 614.728.9470
hilary.damaser@ohioattorneygeneral.gov
brian.honen@ohioattorneygeneral.gov
cory.goe@ohioattorneygenera.gov
jahan.karamali@ohioattorneygeneral.gov
*Counsels for Defendant*

**MEMORANDUM IN SUPPORT**

**I.  Introduction**

Plaintiffs are minors who are eligible to receive Ohio driver's licenses but whose applications have been denied because they do not have a parent or guardian who can co-sign and therefore accept liability for them under Ohio law.  In response to these denials, Plaintiffs filed this lawsuit, in which they claim that the denial of their applications for licenses is the result of discriminatory policies enacted by Defendant the Registrar of the Ohio Bureau of Motor Vehicles ("BMV").

However, Plaintiffs have not stated a claim for relief against the Registrar.  The Registrar is within his statutory authority to enact policies and procedures to protect Ohio drivers.  These policies are effectuated to ensure Ohio citizens have recourse against minor drivers in the event of an accident.  Further, these policies, enacted in accordance with the BMV's statutory authority, are consistently applied to all Ohio citizens in conjunction with the REAL ID Act.  This Act ensures Ohio drivers have a federally compliant form of identification. Finally, Plaintiffs' claims do not state a violation of the Equal Protection Clause of the United States Constitution, because the BMV's policies are rationally related to these legitimate government aims.  Plaintiffs' claims should therefore be dismissed in their entirety.

**II.  Facts and Allegations in the Amended Complaint**

    **A.  BMV has the authority to enact policies necessary to carry out Ohio's motor vehicle laws**

The Registrar of the Bureau of Motor Vehicles has the authority to adopt forms and rules necessary to carry out Ohio's motor vehicle laws.  Ohio Rev. Code § 4501.02.  The General Assembly explicitly prohibits the Registrar from "grant[ing] the application of any minor under eighteen years of age for a probationary license, a restricted license, or a temporary instruction

3

permit, unless the application is signed by one of the minor's parents, the minor's guardian, another person having custody of the applicant, or, if there is no parent or guardian, a responsible person who is willing to assume the obligation imposed under this section." Ohio Rev. Code § 4507.07(A).

When a minor, under eighteen years of age, submits an application for a license or permit at a driver's license examining station, the adult who signs the application is required to present identification establishing that the adult is the individual whose signature appears on the application. *Id*. The registrar is required, by rule, to identify the types of identification that are suitable. *Id*. If the adult who signs the application does not provide identification as required by this paragraph, the application "shall" not be accepted. *Id*. The BMV has instituted a policy limiting the acceptable form of identification to a valid Ohio credential, which can include a driver's license, commercial driver's license, motorcycle operator's license, temporary instruction permit identification card, or identification card issued by the BMV. Driver's Manual 11-6-2018, pp. 4-8, Deputy Registrar Procedure Manual 1-22-2019, p. 6, and Ohio Adm.Code § 4501:1-1-21(B). When a minor applies for a probationary license, a restricted license, or a temporary instruction permit, the registrar is required to give the adult who signs the application notice of the potential liability that may be imputed to the adult pursuant to division (B) of R. C. 4507.07 and notice of how the adult may prevent any liability from being imputed to the adult pursuant to that division. *Id*. The Ohio Revised Code also imputes liability from a minor's negligence or misconduct to the co-signer. Ohio Rev. Code § 4507.07(B). The co-signer has the ability to cancel a minor's license or permit. Ohio Rev. Code § 4507.07(C). As minor applicants and their co-signers, Plaintiffs are governed by Ohio Revised Code § 4507.07.

4

### B. J.G.R. & Erlin Lorena Rodriguez Enamorado

According to Plaintiffs' Amended Complaint, Plaintiff J.G.R. is seventeen years old, and is a citizen of Honduras. Amended Complaint, p. 4, ¶ 11. She has been a resident of Columbus, Ohio since August 2015. *Id.* J.G.R. applied twice for an Ohio identification card at the East Broad Street Deputy Registrar location in Columbus, Ohio. *Id.* The first time, in 2017, she brought her mother, Plaintiff Erlin Lorena Rodriguez Enamorado, to co-sign for her. *Id.* Ms. Rodriguez Enamorado presented a valid Honduran passport as proof of identification. *Id.* The Deputy Registrar denied J.G.R.'s application, stating that Ms. Rodriguez Enamorado was unable to serve as J.G.R.'s co-signer because Ms. Rodriguez Enamorado did not have a valid Ohio ID as required by BMV policy. *Id.* J.G.R. then returned to the same Deputy Registrar with a friend of the family, Jorge Pagon, who was willing to serve as her co-signer and was in possession of a valid Ohio ID. *Id.* The Deputy Registrar again denied J.G.R.'s application for a state identification card because Mr. Pagon was neither her parent nor legal guardian, and her parent– Ms. Rodriguez Enamorado–was available. Thus, Mr. Pagon could not serve as her co-signer under BMV policy. Plaintiffs allege they were told J.G.R. would not be able to get an identification card. *Id.*

### C. A.M. & Maria Monjaraz

According to Plaintiffs' Complaint, Plaintiff A.M. is a seventeen year-old U.S. citizen. Amended Complaint, p. 5, ¶13. In April of 2017, he applied for an Ohio temporary instruction permit identification card ("TIPIC") at the BMV Deputy Registrar in Oregon, Ohio. *Id.* His mother, Plaintiff Maria Monjaraz, accompanied him to serve as his co-signer. Ms. Monjaraz brought her Mexican consular identification card. *Id.* The Deputy Registrar denied A.M.'s

5

application because Ms. Monjaraz was unable to serve as A.M's co-signer as she did not have a valid Ohio ID as required by BMV policy.

### D.     K.I.A. and Maria Del Rosario Cabrera

According to Plaintiffs' Amended Complaint, Plaintiff K.I.A. is a sixteen year-old U.S. citizen. Amended Complaint p. 6, ¶15. Her mother and sole custodial parent, Plaintiff Maria Del Rosario Carbrera, does not have valid immigration status. *Id*. She does not have the documentation required by the BMV to co-sign for K.I.A.'s driver's license application. *Id*.

### E.     Intercommunity Justice and Peace Center

Plaintiff Intercommunity Justice and Peace Center ("IJPC") alleges that its organization has suffered harm because it employs one full-time staff member to oversee its immigration advocacy work and one part-time staff member to run its YES program – a program to promote leadership development and advocacy in young immigrants, children of immigrants, and their allies. Amended Complaint, p. 19, ¶81-82. IJPC alleges its staff has diverted hours and financial resources because of the effects of the BMV's co-signer policy. *Id.* at ¶84-85. As a result of the alleged denial of their applications for state identification cards and TIPICs, Plaintiffs J.G.R., Erlin Lorena Rodriguez Enamorado, A.M., Maria Monjaraz, K.I.A., Maria Del Rosario Cabrera, and Plaintiff Intercommunity Justice and Peace Center ("IJPC") filed the present action alleging that they were harmed by the BMV's policies.

### III.    Argument

### A.     **Plaintiffs have failed to state a claim against the Registrar**

A complaint that fails to state a claim upon which relief can be granted is subject to dismissal under Fed. R. Civ. P. 12(b)(6). The focus of a Rule 12(b)(6) motion is whether the plaintiffs are entitled to offer evidence to support their claims, not whether they will ultimately

6

prevail. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005). The rule allows defendants "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Corbett v. Beneficial Ohio, Inc.*, 847 F. Supp. 2d 1019, 1023-1024 (S.D. Ohio 2012) (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Dismissal is proper when 1) the claim asserted is not supported by law, 2) the facts alleged are not sufficient to state a valid claim, or 3) an insurmountable bar to relief is evident from the face of the complaint. *Id.* (citing, *inter alia*, *Little v. UNUMProvident Corp.*, 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002)).

      A properly stated claim must satisfy the pleading requirements in Fed. R. Civ. P. 8(a). This pleading standard "does not require detailed factual allegations . . . [but a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A complaint also is insufficient when it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In order to survive a Rule 12(b)(6) motion, the complaint must include sufficient facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding whether the complaint is plausible, the Court must interpret it in a light most favorable to the non-moving party, accept factual allegations as true, and give the plaintiff the benefit of reasonable inferences. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). However, the Court is not required to accept as true legal conclusions bereft of supporting factual allegations. *Iqbal*, 556 U.S. at 678.

7

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Even if everything Plaintiffs allege in their Amended Complaint is true, they are not entitled to relief. The BMV is vested by statute with the authority to regulate driver's licenses. The BMV's policies are consistent with federal law, and do not violate any fundamental Constitutional rights. Accordingly, Plaintiffs have not stated a claim upon which relief can be granted against the Registrar, and have not shown that they are entitled to relief. Their Amended Complaint is therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6).

      1. <u>Plaintiff K.I.A. does not have standing to challenge the BMV's policy because her claim is not ripe for consideration</u>

Plaintiff K.I.A.'s claim against the Registrar is not ripe for consideration by this Court. Because she has not taken the driver's education class required of all minor drivers applying for probationary driver's licenses, she is ineligible for a driver's license. Amended Complaint, p. 19, ¶ 78, R.C. 4507.21(B)(1). She suffers no hardship if judicial review is denied at this stage in the proceedings. The injury Plaintiffs allege cannot come to pass for her. No judicial resolution of this issue will result in a license for K.I.A.

The United States Supreme Court held that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, or sufficient immediacy and reality." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Circuit courts have identified factors to determine whether the question in a case shows a substantial controversy. The standing doctrine requires that a litigant have suffered an injury-in-fact that is fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *Peoples Rights Org. v. City of Columbus*, 152 F.3d 522, 527, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61,

119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992); *Allen v. Wright*, 468 U.S. 737, 751 (1984). K.I.A. has suffered no injury-in-fact because she is not eligible for a driver's license for reasons separate from the Registrar's policies. Even if Plaintiffs' requested relief is granted, K.I.A. would not be eligible for a driver's license. Her claim is therefore not ripe and should be dismissed.

        **B.     The BMV's policy complies with statute and does not violate the 14th Amendment of the U.S. Constitution**

The BMV has the authority to adopt policies necessary to carry out Ohio's motor vehicle laws. Ohio Revised Code explicitly prohibits the Registrar from "grant[ing] the application of any minor under eighteen years of age for a probationary license, a restricted license, or a temporary instruction permit, unless the application is signed by one of the minor's parents, the minor's guardian, another person having custody of the applicant, or, if there is no parent or guardian, a responsible person who is willing to assume the obligation imposed under this section." Ohio Rev. Code § 4507.07(A). In order to comply with this statutory mandate, the Registrar adopted a policy to treat a co-signer as a co-applicant for the purposes of obtaining a probationary driver's license. The Deputy Registrar Procedure Manual effectuates the Registrar's directive by requiring U.S. citizen cosigners, permanent resident cosigners, and temporary resident cosigners to provide either an Ohio credential or "proof of five elements." Deputy Registrar Procedure Manual 11-13-2018, pgs. 5 – 7. The five elements are: full legal name, date of birth, legal presence in the US, Social Security number, and an Ohio street address. Ohio Rev. Code §§ 4507.06(A)(1)(a) and OAC 4501:1-1-21(C). These are the same five requirements of the REAL ID Act. 49 U.S.C. 30301 and 6 C.F.R. 37.11.

The Real ID Act of 2005, Pub. L. 109-13, codified in Section 30301, Title 49, U.S. Code, note (2005) (Improved Security for Drivers' Licenses and Personal Identification Cards) (the

9

REAL ID Act), establishes minimum standards for security of drivers' licenses and personal identification cards, but allows for more stringent requirements at the discretion of the states. The REAL ID Act left the manner of implementation and procedures for compliance to individual states to determine.  There are no conflicts between the REAL ID Act and the Ohio BMV's rules and regulations.  By requiring all Ohio drivers and co-signers to be in compliance with this Act, BMV policy is consistent among all categories of Ohio drivers and cosigners.

       1.    <u>There are no federal requirements that preclude Ohio from enacting laws to govern drivers</u>

Driver's licenses (and temporary instruction permits as well as probationary driver's licenses) are issued by states under the exercise of the state's police powers.  *See United States v. Hollon*, S.D.Ohio No. 3:14-cr-165, 2015 U.S. Dist. LEXIS 97857, at *5 (July 20, 2015) (citing *United States v. Snyder*, 852 F.2d 471, 475 (9th Cir. 1988)).  The federal government has no constitutional authority to interfere with a state's exercise of its police power.  *Id*.  Nothing in federal law as it exists today preempts the state of Ohio from setting such requirements.  It is a well-settled principal that "the historic police powers of the state [are] not to be superseded . . . by Federal Act unless that [is] the clear and manifest purpose of congress."  *Cipollone v. Liggett Group, Inc.,* 112 S. Ct. 2608, 2617 (1992) (brackets and ellipses in original) (quoting *Rice v. Santa Fe Elevator Corp.,* 67 S. Ct. 1146 (1947).  Only "when Congress has unmistakably . . . ordained . . . that its enactments alone are to regulate a part of commerce, state laws regulating that aspect of commerce must fall." *Jones v. Rath Packing Co.,* S. Ct. 1305 (1977) (internal quotation and citation omitted) (first ellipsis in original).  Thus, there is a strong "presumption *against* the pre-emption of state police powers." *Mulligan v. Pfizer*, Inc., 850 F. Supp. 633, 635, 1994 U.S. Dist. LEXIS 4558, *1-2, citing *Cipollone v. Liggett*, 112 S. Ct. at 2618.  Congress has not occupied the field of state driver's licenses, and the Ohio legislature's

regulations in this field are therefore proper.  Nothing in BMV's regulations setting forth its existing documentary requirement conflicts with state statute.  Instead, the General Assembly explicitly authorized the BMV to define certain terms with its policies and procedures.  Ohio Rev. Code § 4501.02.

In Ohio Revised Code § 4501.02(A)(1), the General Assembly delegated to the BMV the authority to "[a]dopt such forms and rules as are necessary to carry out all laws the registrar is required to administer."  Because Congress has not set federal requirements for driver's licenses beyond setting minimum standards for compliance with the REAL ID Act, Ohio is free to enact statutes that govern these requirements for its drivers.  Further, the BMV is free to effectuate the legislative policy as set forth in Ohio's statutes and create rules and policies to better serve Ohio citizens.  In Revised Code §§ 4507.01 and 4507.071, the General Assembly  delegated to the BMV the authority to promulgate by rules the definitions for residency categories and requirements for probationary licenses.  This promulgation, borne out in Ohio Adm.Code 4501:1-1-19, 4501:1-1-21, 4501:1-1-35 and 4501:1-1-37, is authorized, consistent with the aforementioned statutes, and proper.  The BMV has validly exercised this right in requiring proof of legal presence documentation for cosigners.

> 2. The Registrar is vested by state law to determine what constitutes valid documentation for issuing a driver's license.

Pursuant to the Ohio Revised Code, the Registrar of Motor Vehicles has the authority to adopt forms and rules necessary to carry out Ohio's motor vehicle laws.  Ohio Rev. Code § 4501.02.  The Registrar is vested by state law to determine the legal requirements for a minor applicant and his or her co-signer for purposes of issuing a driver's license.  Ohio Rev. Code § 4507.07(A).

For example, the Ohio Supreme Court has held that the General Assembly properly delegated to the BMV the authority to define the term "alcoholic" for purposes of enforcement of that legislation and that the BMV had done so within the confines of such delegation. *Doyle*, 51 Ohio St.3d at 48. At the time of the actions giving rise to the decision in *Doyle*, the General Assembly had not defined the term "alcoholic" in the legislation prohibiting the issuance of a temporary instruction permit or driver's license to a person who is an alcoholic.  In *Doyle*, the Ohio Supreme Court affirmed that "rules issued by administrative agencies pursuant to statutory authority have the force and effect of law." *Doyle* at 47, citing *Parfitt* v. *Columbus Correctional Facility*, 62 Ohio St. 2d 434, 436 (1980). The Court noted that, in defining alcoholic, the Registrar was carrying out the policy enunciated by the General Assembly in enacting the applicable revised code provision. *Id*. at 51.

Similarly, in this case, the BMV policy as well as the Revised Code require "appropriate documentation" to prove identity of a minor's co-signer. Ohio Rev. Code § 4507.07(A). Pursuant to BMV policy, a co-signer must present either a valid Ohio credential, which can include a valid driver's license, commercial driver's license, temporary instruction permit, or ID card, or prove all five elements that would comply with these requirements (full legal name, date of birth, legal presence in the US, Social Security number, and an Ohio street address.)  These five elements are consistent with the REAL ID Act's requirements, and with the Ohio Revised and Administrative Codes. The BMV is within its statutory authority to define "documentation" as requiring documentation to prove all five elements.  In order to maintain this consistent definition of "documentation" throughout its policies, the BMV must utilize this with regard to co-signers for minor applicants. The cosigner is, in effect, a co-applicant under BMV policy because the statute requires that a co-signer take on liability for minor drivers, and that they be

12

notified of this responsibility. Additionally, co-signers have the ability to cancel minor driver's licenses at their discretion. These BMV policies have the force and effect of law. See *State ex rel. Celebrezze v. Natl. Lime & Stone Co.*, 68 Ohio St.3d 377, 392, 1994-Ohio-486, 627 N.E.2d 538, citing *Youngstown Sheet & Tube Co. v. Lindley*, 38 Ohio St.3d 232, 234, 527 N.E.2d 828 (1988).

The claims with regard to Plaintiffs J.G.R., Ms. Rodriguez Enamorado, A.M., and Ms. Maria Monjaraz are without merit. The Deputy Registrars do not require proof of a specified relationship at the time a minor applicant applies for a license. BMV Driver's Manual, Chapter 1, p. 16. The co-signer must be asked if he or she is the legal parent or guardian, but the cosigner self-declares the relationship at the time. The co-signer must prove he or she meets the statutory requirements, but not his or her relationship to the minor applicant. *Id*.

Pursuant to the Driver's Manual, Ms. Rodriguez Enamorado must be asked if she is the legal parent or guardian of J.G.R. She need not prove this relationship with documentation. The Ohio Revised Code § 4507.07 states that, if Mr. Pagon is willing to assume liability of J.G.R., he would have been able to serve as a co-signer, but for J.G.R. having demonstrated her parent was already available. Nowhere in the BMV policy does it state that Mr. Pagon would be required to obtain legal custody or guardianship over J.G.R. to act as a co-signer.

Similarly, Ms. Maria Monjaraz must be asked if she is the legal parent or guardian of A.M. She need not prove this relationship with documentation. Nowhere in the BMV policy does it state that Jacquelin Ocampo, a U.S.-citizen friend of Ms. Monjaraz, would be required to obtain legal custody or guardianship over A.M. to act as a co-signer. Amended Complaint, pg. 5, paragraph 13. The Ohio Revised Code § 4507.07 states that, if Ms. Ocampo is willing to assume liability of A.M., she would have been able to serve as a co-signer, but for A.M. having

13

demonstrated his parent was already available. Accordingly, Plaintiffs have not stated a claim upon which relief can be granted against the Registrar, and have not shown that they are entitled to relief. Their Amended Complaint is therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6).

### 3. The BMV's compliance with the REAL ID Act is proper.

The BMV's current requirement matches that of the federal REAL ID Act in order to make Ohio driver's licenses an accepted form of identification for federal purposes, such as travel by air. By properly and consistently applying the REAL ID Act to all applicants (minor and adult) for all forms of identification, driver's licenses, and cosigners, the BMV is utilizing its statutory authority. The Ohio Administrative Code requires applicants establish "legal presence" in the United States by submitting the appropriate legal documents issued by the United States Citizenship and Immigration Services ("USCIS") to establish they have "taken the necessary steps to ensure they have a recognizable legal status within the United States." Ohio Adm.Code §§ 4501:1-1-21, 4501:1-1-35, and 4501:1-1-37(A)(4). Applicants must submit "original and valid" USCIS documents showing the dates of "legal presence." Ohio Adm.Code § 4501:1-1-21(G)(6). This is consistent with the REAL ID Act's requirement that, to be compliant, "a State shall require, before issuing a driver's license or identification card to a person, valid documentary evidence that the person – (i) is a citizen or national of the United States; (ii) is an alien lawfully admitted for permanent or temporary residence in the United States; (iii) has conditional permanent resident status in the United States; (iv) has an approved application for asylum in the United States or has entered into the United States in refugee status; (v) has a valid, unexpired nonimmigrant visa or nonimmigrant visa status for entry into the United States; (vi) has a pending application for asylum in the United States; (vii) has a pending or approved

application for temporary protected status in the United States; (viii) has approved deferred action status; or (ix) has a pending application for adjustment of status to that of an alien lawfully admitted for permanent residence in the United States or conditional permanent resident status in the United States." Pub. L. No. 109-13, § 202(c)(1)(B), 119 Stat. 231, 313 (codified at 49 U.S.C. § 30301 note).

In the case of a minor applicant, a co-signer must present documents to prove all five elements required of a new driver: full legal name, date of birth, Social Security number (if one has ever been assigned), U.S. Citizenship or legal presence, and resident street address in Ohio. BMV's Digest of Ohio Motor Vehicle Laws, page 7, Ohio Rev. Code § 4507.06, and Ohio Adm.Code 4501:1-1-21.  If co-signers are citizens "of another country," they must provide "all USCIS documents" to establish "legal presence in the United States." BMV's Driver Manual, Chapter 3, p. 4.  The Driver Manual provides that out-of-state co-signers provide secondary documentation with proof of SSN.  *Id*.

This BMV policy is consistent within the manual itself, applying the same requirements to applicants for licenses as it does for minors and their co-signers.  Further, the policy is consistent with the REAL ID Act and does not prevent foreign-born parents from co-signing for minor applicants.  Rather, this policy requires any co-signer to be in a position to assume liability for a minor driver.  Any person who does not have a valid Ohio credential and cannot otherwise prove the five elements required of an applicant (including, but not limited to legal presence) is not eligible to co-sign for a minor applicant.  Accordingly, Plaintiffs have not stated a claim upon which relief can be granted against the Registrar, and have not shown that they are entitled to relief.  The Amended Complaint is therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6).

> 4. <u>Plaintiffs have failed to allege a violation of any constitutional right under the Fourteenth Amendment of the United States Constitution.</u>
>
>     a. *Plaintiffs do not have a fundamental right to a driver's license, and BMV policy is rationally related to a legitimate government interest.*

Plaintiffs allege that the proposed class – all 16- and 17-year-olds residing in Ohio who are U.S. citizens or otherwise "legally present," and whose parents are non-citizens and do not possess the required USCIS documentation to co-sign the minors' driver's license or state identification card applications – are being discriminated against on the basis of their parents' alienage. Amended Complaint, p. 27, ¶ 115. Plaintiffs further allege BMV policy discriminates between class members who are non-citizens and other categories of non-citizens, and against U.S. citizen class members on the basis of their parents' immigration status and national origin. *Id.* at ¶116, ¶117.

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted because Plaintiffs do not have a constitutional right to driver's licenses, and because the equal protection claims against Defendants fail under rational basis review. As the right of Plaintiffs to have drivers licenses is not a right secured by the Constitution, Plaintiffs do not state a cognizable Section 1983 claim. "To successfully state a claim under 42 U.S.C. § 1983, a plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). Generally, if a state law classification "neither burdens a fundamental right nor targets a suspect class" courts will uphold it "so long as it bears a rational relation to some legitimate end." *Vacco v. Quill*, 521 U.S. 793, 799, 117 S. Ct. 2293, 138 L. Ed. 2d 834 (1997). The State need show only that the law

bears a rational relation to a legitimate governmental interest. *LULAC v. Bredesen*, 500 F.3d 523, 533 (6th Cir. 2007).

In this case, Plaintiffs are not members of a suspect class. The Sixth Circuit Court of Appeals considered a similar issue in *LULAC v. Bredesen*, where plaintiffs, illegal aliens and those aliens who are not permanent lawful residents, were treated differently under Tennessee law than citizens and lawful permanent resident aliens. 500 F.3d 523 (6th Cir. 2007). Relying on the United States Supreme Court decision in *Plyler v. Doe*, the Sixth Circuit affirmed the district court's decision that illegal aliens are not a suspect class. *Id*. at 530-31, citing *Plyler v. Doe*, 457 U.S. 202, 223 (1982). In this case, Plaintiffs are required to submit the same documentation as any minor applicant for a driver's license. As such, even if the Plaintiffs were a member of a suspect class, they are not being treated any differently than any other minor applicant and, therefore, their equal protection claim fails against the Registrar.

In addition, the BMV is not denying Plaintiffs any fundamental right. Plaintiffs allege in the Amended Complaint that the BMV's identification policies are affecting their right to obtain a driver's license as a minor. Amended Complaint, pgs. 20-21, ¶¶84-88. However, there is no fundamental right to any particular method of travel. *LULAC* (citing *John Doe No. 1 v. Georgia Dep't of Public Safety*, 147 F. Supp. 2d 1369, 1375 (N.D. Ga. 2001)). Consequently, there is no fundamental right to obtain a driver's license or to drive a motor vehicle. See *LULAC*, at 534. The Ohio Supreme Court has previously emphasized that "an operator's license in the state of Ohio is a privilege, and is not a property right." Doyle v. Ohio BMV, 51 Ohio St. 3d 46, 52. Because Plaintiffs have not alleged any deprivation of a fundamental right against the Registrar, the state's interest must have a rational relationship to a legitimate end.

> b. *The State of Ohio has a legitimate interest in verifying the identification and legal status of applicants for a driver's license.*

None of Plaintiffs' allegations counter the State of Ohio's legitimate state interest in exercising its police power to verify co-signer identification for minor applicants. State issued driver's licenses or ID cards are the primary form of identification for most individuals and, consequently, the state has a legitimate interest in verifying that information. In the case of minor applicants, the BMV must effectuate policies that protect other Ohio drivers from minor drivers. If a minor driver is involved in an accident, the co-signer has legally assumed liability for the minor driver, thus providing recourse for the other party. This protects both the BMV and other Ohio motorists.

Further, the federal REAL ID Act commands a state to require valid documentary evidence of an applicant's legal status before issuing a REAL ID-compliant driver's license. Pub. L. No. 109-13 202(c)(2)(B); 119 Stat. 313; (49 U.S.C. § 30301 codified at note); 6 C.F.R. § 37.3 (2016). As Ohio will soon be a REAL ID state, the BMV has a legitimate interest in bringing all applicants–minor and adult alike–into compliance with these requirements. There is no allegation in Plaintiffs' Amended Complaint that shows that the BMV's policies regarding documentation do not bear a rational relation to that legitimate interest. Accordingly, the BMV's policy regarding the documentation required from a co-signer to a minor applicant's application for a Ohio driver's license does not violate the plaintiffs' constitutional right to Equal Protection.

## IV. Conclusion

For the reasons set forth above, Defendant Registrar respectfully requests that the Court dismiss Plaintiffs' claims against him in their entirety.

>Respectfully submitted,
>
>DAVE YOST
>Attorney General of Ohio
>
>/s/ Hilary R. Damaser
>Hilary R. Damaser (0059190)
>Brian Honen (0084880)
>Cory Goe (0090500)
>Jahan Karamali (0093800)
>Assistants Attorney General
>Executive Agencies Section
>30 East Broad Street, 26th Floor
>Columbus, Ohio 43215-3428
>614.466.2980; FAX: 614.728.9470
>hilary.damaser@ohioattorneygeneral.gov
>brian.honen@ohioattorneygeneral.gov
>cory.goe@ohioattorneygenera.gov
>jahan.karamali@ohioattorneygeneral.gov
>*Counsels for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **Defendant Charles Norman's Motion to Dismiss** was filed through the Court's CM/ECF system and was served via electronic mail this 25 day of February, 2019 upon the following:

Emily M. Brown, Esq.
ebrown@ablelaw.org

Kathleen C. Kersh, Esq.
kkersh@ablelaw.org

Mark R. Heller, Esq.
mheller@ablelaw.org

Eugenio Mollo, Jr., Esq.
emollo@ablelaw.org

*Counsel for Plaintiffs*

/s/ Brian R. Honen
Hilary R. Damaser (0059190)