# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| INTERCOMMUNITY JUSTICE AND PEACE CENTER, et al. | Case No. 2:18-CV-1247 |
| Plaintiffs, | Judge Edmund A. Sargus, Jr. |
| vs. | Magistrate Kimberly A. Jolson |
| CHARLES L. NORMAN, REGISTRAR, OHIO BUREAU OF MOTOR VEHICLES, in his official capacity, | |
| Defendant. | |

## DEFENDANT CHARLES NORMAN'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS

Plaintiffs Erlin Lorena Rodriguez Enamorado ("Rodriguez Enamorado"), individually and as next best friend of J.G.R., Maria Monjaraz, (Monjaraz"), individually and as next best friend of A.M., Maria Cabrera ("Cabrera"), individually and as next best friend of K.I.A., and Intercommunity Justice and Peace Center ("IJPC") filed the amended complaint in this matter on December 4, 2018.  Defendant Charles Norman ("Norman"), Registrar of the Ohio Bureau of Motor Vehicles ("BMV"), filed a Motion to Dismiss pursuant to Civ. R. 12(b)(6) on February 25, 2019.  Plaintiffs responded to Registrar Norman's Motion on March 21, 2019.  Registrar Norman hereby provides this Reply in Support of his Motion to Dismiss.

Registrar Norman reiterates that Plaintiffs' claims do not state a violation of the Equal Protection Clause of the United States Constitution.  Thus, the Court should dismiss Plaintiffs' claims.

**A. Plaintiffs cannot prove an equal protection claim under Section 1983.  The requirement to prove legal presence in the United States applies to all applicants and co-signers, regardless of alienage or citizenship.**

"The Equal Protection Clause directs that 'all persons similarly circumstanced shall be treated alike.'"  *Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982), citing *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920).  Legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).  Generally, if a state law classification "neither burdens a fundamental right nor targets a suspect class," courts will uphold it "so long as it bears a rational relation to some legitimate end."  *Vacco v. Quill*, 521 U.S. 793, 799, 117 S. Ct. 2293, 138 L. Ed. 2d 834 (1997).  In the instant case, Plaintiffs have not alleged facts that sufficiently support a claim for a violation of the right to equal protection.

To prevail on their equal protection claim, Plaintiffs must be able to prove that they are being treated differently than other, similarly situated individuals.  In this case, Plaintiffs are being treated exactly the same as any other minor applying for a driver's license or a temporary instruction permit.  The Ohio Revised Code explicitly prohibits the Registrar from "grant[ing] the application of any minor under eighteen years of age for a probationary license, a restricted license, or a temporary instruction permit, unless the application is signed by one of the minor's parents, the minor's guardian, another person having custody of the applicant, or, if there is no parent or guardian, a responsible person who is willing to assume the obligation imposed under this section."  Ohio Rev. Code § 4507.07(A).

In line with this statute, the Registrar adopted a policy to treat a co-signer as a co-applicant for the purposes of obtaining a probationary driver's license.  The Deputy Registrar

2

Procedure Manual requires U.S. citizen cosigners, permanent resident cosigners, and temporary resident cosigners to provide either an Ohio credential or "proof of five elements." Deputy Registrar Procedure Manual 11-13-2018, pgs. 5 – 7.  The five elements are: full legal name, date of birth, legal presence in the US, Social Security number, and an Ohio street address.  Ohio Rev. Code §§ 4507.06(A)(1)(a) and OAC 4501:1-1-21(C).  The above requirements are uniformly applied to all minor applicants for a probationary license, a restricted license, or a temporary instruction permit.  No distinction is made based upon either the alienage of the applicant or of the co-signer.  Thus, Plaintiffs are not being treated differently than any other similarly situated individuals.

**B. Because they are not members of a suspect class, Plaintiffs cannot prove an equal protection claim under Section 1983.**

Plaintiffs have presented no allegations or argument to support a finding that they are members of a suspect class.  Plaintiffs claim in their Response in Opposition that the minor plaintiffs in this case, all of whom are citizens or otherwise lawfully present in the United States, are part of a suspect class based upon alienage because their alleged disparate treatment arises out of their parents' alienage.  Doc. 29, p. 16.  They further argue that, because of their parents' alienage, they are entitled to a strict scrutiny analysis.  *Id*.  However, it is not the alienage of the minor Plaintiffs' parents that limits the parents' ability to act as co-signors; that is, it is not the parents' status as aliens.  Rather, it is the parents' lack of legal presence in the United States that prevents the parents from acting as co-signers.  As held by the Sixth Circuit in *LULAC v. Bredesen*, 500 F.3d 523 (6th Cir. 2007), relying on the United States Supreme Court decision in *Plyler v. Doe*, illegal aliens are not a suspect class.  *LULAC,* at 530-31, citing *Plyler v. Doe*, 457 U.S. 202, 223 (1982).  Because illegal aliens are not a suspect class, their status as such cannot be the basis to grant suspect class status upon their legally present, minor children.

Consequently, because the minor children are not part of a suspect class, their equal protection claim must be analyzed under a rational basis standard of review.

Under a rational basis review, a regulation is upheld as long as it bears some rational relation to a legitimate state interest. *Romer v. Evans*, 517 U.S. 620, 632, 134 L. Ed. 2d 855, 116 S. Ct. 1620 (1996). A statute is subject to a "strong presumption of validity" under rational basis review, and will be upheld "if there is any reasonably conceivable state of facts that could provide a rational basis." *Walker v. Bain*, 257 F.3d 660, 668 (6th Cir. 2001). Thus, "[t]hose seeking to invalidate a statute using rational basis review must 'negat[e] every conceivable basis that might support it.'" *Craigmiles v. Giles*, 312 F.3d 220, 224 (6th Cir.2002), citing *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364, 35 L. Ed. 2d 351, 93 S. Ct. 1001 (1973).

**C. The law and supporting policies bear a rational relationship to legitimate state interests.**

As stated in Registrar Norman's Motion to Dismiss, the State of Ohio has a legitimate interest in exercising its police power to verify co-signer identification for minor applicants. State issued driver's licenses or ID cards are the primary form of identification for most individuals and, consequently, the state has a legitimate interest in verifying the information provided by the applicant and co-signer. In the case of minor applicants, the BMV must effectuate policies that protect other Ohio drivers from minor drivers. If a minor driver is involved in an accident, the co-signer has legally assumed liability for the minor driver, thus providing recourse for the other party. Verifying the legal presence of the co-signer protects both the BMV and other Ohio motorists by helping to ensure the co-signer can be located in the event of a minor's negligence.

Further, the federal REAL ID Act commands a state to require valid documentary evidence of an applicant's legal status before issuing a REAL ID-compliant driver's license and state identification.  Pub. L. No. 109-13 202(c)(2)(B); 119 Stat. 313; (49 U.S.C. § 30301 codified at note); 6 C.F.R. § 37.3 (2016).  As Ohio will soon be a REAL ID state, the BMV has a legitimate interest in bringing all applicants–minor and adult alike–into compliance with these requirements.  The BMV's policy of treating co-signers as co-applicants bears a rational relation to that legitimate interest as well as to the legitimate interest of ensuring that a state driver's license or identification card truly represents the person indicated.  Accordingly, the BMV's policy regarding the documentation required from a co-signer to a minor applicant's application for an Ohio driver's license does not violate the plaintiffs' constitutional right to Equal Protection.

**D.  Conclusion**

For the reasons set forth above, Defendant Registrar Charles Norman respectfully requests that the Court dismiss Plaintiffs' claims against him in their entirety.

                                              Respectfully submitted,
                                              DAVE YOST   (0056290)
                                              OHIO ATTORNEY GENERAL
                                              /s/Hilary R. Damaser
                                              Hilary R. Damaser (0059190)
                                              Brian R. Honen (0084880)
                                              Jahan S. Karamali (0093800)
                                              Cory J. Goe (0090500)
                                              Assistant Attorneys General
                                              Executive Agencies Section
                                              30 East Broad Street, 26th Floor
                                              Columbus, Ohio  43215-3428
                                              614.466.2980; FAX:  614.728.9470
                                              hilary.damaser@ohioattorneygeneral.gov
                                              brian.honen@ohioattorneygeneral.gov
                                              jahan.karamali@ohioattorneygeneral.gov
                                              cory.goe@ohioattorneygeneral.gov
                                              *Counsel for Defendant*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **Defendant Charles Norman's Reply in Support of his Motion to Dismiss** was filed through the Court's CM/ECF system and was served via electronic mail this 9th day of April, 2019 upon the following:

Emily M. Brown, Esq.
ebrown@ablelaw.org

Kathleen C. Kersh, Esq.
kkersh@ablelaw.org

Mark R. Heller, Esq.
mheller@ablelaw.org

Eugenio Mollo, Jr., Esq.
emollo@ablelaw.org

*Counsel for Plaintiffs*

/s/ Hilary R. Damaser
Hilary R. Damaser (0059190)