**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **INTERCOMMUNITY JUSTICE AND** | : | **Case No. 2:18-CV-01247** |
| **PEACE CENTER, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | **Judge Edmund A. Sargus, Jr.** |
| | : | |
| **vs.** | : | **Magistrate Kimberly A. Jolson** |
| | : | |
| **CHARLES NORMAN, REGISTRAR,** | : | |
| **OHIO BUREAU OF MOTOR** | : | |
| **VEHICLES, in his official capacity,** | : | |
| | : | |
| **Defendant.** | : | |

---

**DEFENDANT CHARLES NORMAN'S ANSWER TO PLAINTIFFS' AMENDED**
**COMPLAINT (DOC. #11)**

---

Defendant, Charles Norman, Registrar, Ohio Bureau of Motor Vehicles ("Defendant"), responds to the allegations in the Amended Complaint filed by Plaintiffs Intercommunity Justice and Peace Center ("IJPC"), Erlin Lorena Rodriguez Enamorado ("Enamorado"), Individually and as next friend of J.G.R., Maria Monjaraz ("Monjaraz"), individually and as next friend of A.M., and Maria Cabrera ("Cabrera"), individually and as next friend of K.I.A., as follows:

**FIRST DEFENSE**

1.     In response to the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint, Defendant denies that the BMV has enacted a discriminatory policy that denies or delays the issuance of driver's licenses to otherwise-eligible individuals. Defendant admits that documentation showing legal status is required of an adult co-signing a minor's driver's license or identification application. Defendant denies the allegation that if a "parent cannot provide such documentation, BMV policy prohibits any

1

other adult from serving as a co-signer unless he or she obtains custody or legal guardianship of the minor applicant." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and therefore denies them.

2.   In response to the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

3.   In response to the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint, Defendant states that the cited statutes speak for themselves and Defendant denies all allegations inconsistent with those statutes.

4.   In response to the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint, Defendant states that the cited statutes speak for themselves and Defendant denies all allegations inconsistent with those statutes.

5.   In response to the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that many of the putative class members reside in this district and division and therefore denies it.  Defendant admits the remaining allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint.

6.   In response to the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

7.      In response to the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

8.      In response to the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

9.      In response to the allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

10.     In response to the allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

11.     In response to the allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

12.     In response to the allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

13.     In response to the allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

14.     In response to the allegations contained in Paragraph 14 of Plaintiffs' Amended

Complaint, Defendant is without sufficient knowledge or information to form a belief as

to the truth of the allegations contained therein and therefore denies them.

15.     In response to the allegations contained in Paragraph 15 of Plaintiffs' Amended

Complaint, Defendant is without sufficient knowledge or information to form a belief as

to the truth of the allegations contained therein and therefore denies them.

16.     In response to the allegations contained in Paragraph 16 of Plaintiffs' Amended

Complaint, Defendant is without sufficient knowledge or information to form a belief as

to the truth of the allegations contained therein and therefore denies them.

17.     In response to the allegations contained in Paragraph 17 of Plaintiffs' Amended

Complaint, Defendant admits that Charles Norman is the Registrar of the Bureau of

Motor Vehicles, and his duties and responsibilities include those set forth in Ohio Rev.

Code Chapter 4507.  Defendant is without sufficient knowledge or information to form a

belief as to the truth of the remaining allegations contained therein and therefore denies

them.

18.     In response to the allegations contained in Paragraph 18 of Plaintiffs' Amended

Complaint, Defendant states that The United States Constitution speaks for itself and

Defendant denies all allegations inconsistent with that document.

19.     In response to the allegations contained in Paragraph 19 of Plaintiffs' Amended

Complaint, Defendant states that 8 U.S.C. §§ 1101(b)(4), 1229a, 1551 *et seq*. (2016), 8

C.F.R. §§ 2.1 and 1003.1 *et seq*. (2016) speak for themselves and Defendant denies all

allegations inconsistent with those statutes and codes.

20. In response to the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint, Defendant states that the REAL ID Act speaks for itself and Defendant denies all allegations inconsistent with that Act.

21. In response to the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint, Defendant states that the REAL ID Act speaks for itself and Defendant denies all allegations inconsistent with that Act.

22. In response to the allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint, Defendant admits that Ohio has agreed to comply with the REAL ID Act, thereby ensuring that its residents may use their Ohio driver's licenses to enter federal facilities and board commercial domestic flights. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and therefore denies them.

23. In response to the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint, Defendant states that the REAL ID Act speaks for itself and Defendant denies all allegations inconsistent with that Act.

24. In response to the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint, Defendant states that the REAL ID Act speaks for itself and Defendant denies all allegations inconsistent with that Act.

25. In response to the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint, Defendant states that the REAL ID Act speaks for itself and Defendant denies all allegations inconsistent with that Act.

26.    In response to the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them..

27.    In response to the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint, Defendant states that 8 C.F.R. § 274a.12(c)(14) speaks for itself and Defendant denies all allegations inconsistent with that regulation.

28.    In response to the allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint, Defendant states that 8 U.S.C. §§ 1103(a)(1), 1103(a)(3) and *Arizona v. United States*, 132 S.Ct. 2492 (2012), speak for themselves and Defendant denies all allegations inconsistent with that authority.

29.    In response to the allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

30.    Defendant states that Paragraph 30 contains legal arguments to which no response is required.

31.    In response to the allegations contained in Paragraph 31 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

32.    In response to the allegations contained in Paragraph 32 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

33.    Defendant states that Paragraph 33 contains legal arguments to which no response is required.

34.    In response to the allegations contained in Paragraph 34 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

35.    In response to the allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint, Defendant states that INA § 101(a)(27)(J) speaks for itself and Defendant denies all allegations inconsistent with that regulation.

36.    In response to the allegations contained in Paragraph 36 of Plaintiffs' Amended Complaint, Defendant states that INA § 245(a) and the REAL ID Act speak for themselves and Defendant denies all allegations inconsistent with those provisions. Defendant states that the remainder of Paragraph 36 contains legal arguments to which no response is required.

37.    In response to the allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint, Defendant states that Ohio Rev. Code Chapter 4507 speaks for itself and Defendant denies all allegations inconsistent with that Chapter.

38.    In response to the allegations contained in Paragraph 38 of Plaintiffs' Amended Complaint, Defendant states that Ohio Rev. Code § 4507.09(A) speaks for itself and Defendant denies all allegations inconsistent with that statute.

39.    In response to the allegations contained in Paragraph 39 of Plaintiffs' Amended Complaint, Defendant states that Ohio Rev. Code § 4507.071(A) and 4507.05(A)(1) speak for themselves and Defendant denies all allegations inconsistent with those statutes.

40.     In response to the allegations contained in Paragraph 40 of Plaintiffs' Amended

Complaint, Defendant states that Ohio Rev. Code § 4507.07(A) speaks for itself and

Defendant denies all allegations inconsistent with that statute.

41.     In response to the allegations contained in Paragraph 41 of Plaintiffs' Amended

Complaint, Defendant states that Ohio Administrative Code §§ 4501:1-1-35(A) and

4501:1-1-35(C) and Ohio Rev. Code § 4507.09(A) speak for themselves and Defendant

denies all allegations inconsistent with those provisions.

42.     In response to the allegations contained in Paragraph 42 of Plaintiffs' Amended

Complaint, Defendant states that OAC rules 4501:1-1-37(A)(1), 4501:1-1-37(A)(4) and

4501:1-1-21(G)(6) speak for themselves and Defendant denies all allegations inconsistent

with those provisions.

43.     In response to the allegations contained in Paragraph 43 of Plaintiffs' Amended

Complaint, Defendant states that the Ohio BMV Driver Manual (Exhibit 2 attached to

Plaintiffs' Amended Complaint) speaks for itself and Defendant denies all allegations

inconsistent with that document.

44.     In response to the allegations contained in Paragraph 44 of Plaintiffs' Amended

Complaint, Defendant states that Ohio Rev. Code §§ 4507.50, 4507.51, and 4507.52

speak for themselves and Defendant denies all allegations inconsistent with those

provisions.

45.     In response to the allegations contained in Paragraph 45 of Plaintiffs' Amended

Complaint, Defendant admit that on October 2, 2017, then BMV Registrar Donald J. Petit

sent a letter to Plaintiffs' counsel Emily Brown and Kathleen Kersh (attached to

8

Plaintiffs' Amended Complaint as Exhibit 3), and further states that the letter speaks for itself. Defendant denies all allegations inconsistent with that letter.

46. Defendant admits the allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint.

47. In response to the allegations contained in Paragraph 47 of Plaintiffs' Amended Complaint, Defendant states that Ohio Rev. Code § 4507.01(B) speaks for itself and Defendant denies all allegations inconsistent with that provision. Defendant admits that the BMV has signed contracts with multiple Deputy Registrars, which provided various services to the public.

48. Defendant states that Paragraph 48 of Plaintiffs' Amended Complaint contains legal arguments to which no response is required.

49. Defendant admits the allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint.

50. In response to the allegations contained in Paragraph 50 of Plaintiffs' Amended Complaint, Defendant admits that the BMV contracts with Deputy Registrars and that Deputy Registrars are compensated through the collection of statutory fees. Defendant denies the remaining allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. In response to the allegations contained in Paragraph 51 of Plaintiffs' Amended Complaint, Defendant admit that then Attorney General Mike DeWine sent a letter to Nolan Stevens of the Latino Commission on March 19, 2013 (Attached as Exhibit 4 to Plaintiffs' Amended Complaint) and further states that the letter speaks for itself. Defendant denies all allegations inconsistent with that letter.

52.     In response to the allegations contained in Paragraph 52 of Plaintiffs' Amended Complaint, Defendant admits that on March 29, 2013, the Ohio BMV issued a press release (Attached as Exhibit 5 to Plaintiffs' Amended Complaint) and states that the press release speaks for itself.  Defendant denies all allegations inconsistent with that document.

53.     In response to the allegations contained in Paragraph 53 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

54.     In response to the allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

55.     In response to the allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

56.     In response to the allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

57.     In response to the allegations contained in Paragraph 57 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

58.     In response to the allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

59.     In response to the allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

60.     In response to the allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

61.     In response to the allegations contained in Paragraph 61 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

62.     In response to the allegations contained in Paragraph 62 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

63.     In response to the allegations contained in Paragraph 63 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

64.     In response to the allegations contained in Paragraph 64 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

65.     In response to the allegations contained in Paragraph 65 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

66.     In response to the allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

67.     In response to the allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint, Defendant states that the BMV Driver Manual (Attached as Exhibit 2 to Plaintiffs' Amended Complaint) speaks for itself and Defendant denies all allegations inconsistent with that document.

68.     In response to the allegations contained in Paragraph 68 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

69.     In response to the allegations contained in Paragraph 69 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

70.     In response to the allegations contained in Paragraph 70 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

71.     In response to the allegations contained in Paragraph 71 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

72.     In response to the allegations contained in Paragraph 72 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

73.     In response to the allegations contained in Paragraph 73 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

74.     In response to the allegations contained in Paragraph 74 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

75.     In response to the allegations contained in Paragraph 75 of Plaintiffs' Amended Complaint, Defendant states that the Ohio BMV Driver Manual (Attached as Exhibit 5 to Plaintiffs' Amended Complaint) speaks for itself and Defendant denies all allegations inconsistent with that document.

76.     In response to the allegations contained in Paragraph 76 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

77.     In response to the allegations contained in Paragraph 77 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

78.     In response to the allegations contained in Paragraph 78 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

79.     In response to the allegations contained in Paragraph 79 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

80.    In response to the allegations contained in Paragraph 80 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

81.    In response to the allegations contained in Paragraph 81 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

82.    In response to the allegations contained in Paragraph 82 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

83.    In response to the allegations contained in Paragraph 83 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

84.    In response to the allegations contained in Paragraph 84 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

85.    In response to the allegations contained in Paragraph 85 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

86.    In response to the allegations contained in Paragraph 86 of Plaintiffs' Amended Complaint, Defendant states that the BMV DR Manual speaks for itself and Defendant denies all allegations inconsistent with that document.

87.    Defendant denies the allegations contained in Paragraph 87 of Plaintiffs' Amended Complaint.

88.     In response to the allegations contained in Paragraph 88 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

89.     In response to the allegations contained in Paragraph 89 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

90.     In response to the allegations contained in Paragraph 90 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

91.     In response to the allegations contained in Paragraph 91 of Plaintiffs' Amended Complaint, Defendant states that the Leadership Conference Education Fund Report speaks for itself.

92.     In response to the allegations contained in Paragraph 92 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

93.     In response to the allegations contained in Paragraph 93 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

94.     In response to the allegations contained in Paragraph 94 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

95.     In response to the allegations contained in Paragraph 95 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

96.     In response to the allegations contained in Paragraph 96 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

97.     In response to the allegations contained in Paragraph 97 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

98.     In response to the allegations contained in Paragraph 98 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

99.     Defendant denies the allegations contained in Paragraph 99 of Plaintiffs' Amended Complaint.

100.    Defendant denies the allegations contained in Paragraph 100 of Plaintiffs' Amended Complaint.

101.    Defendant states that Paragraph 101 of Plaintiffs' Amended Complaint contains legal arguments to which no response is required.

102.    Defendant states that Paragraph 102 of Plaintiffs' Amended Complaint contains legal arguments to which no response is required.

103.    In response to the allegations contained in Paragraph 103 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

104. In response to the allegations contained in Paragraph 104 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

105. In response to the allegations contained in Paragraph 105 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

106. Defendant denies the allegations contained in Paragraph 106 of Plaintiffs' Amended Complaint.

107. Defendant denies the allegations contained in Paragraph 107 of Plaintiffs' Amended Complaint.

108. Defendant denies the allegation in Paragraph 108 of Plaintiffs' Amended Complaint that IJPC members have been harmed by BMV Policies. In response to the remaining allegations contained in Paragraph 108 of Plaintiffs' Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

109. Defendant denies the allegations contained in Paragraph 109 of Plaintiffs' Amended Complaint.

110. Defendant denies the allegations contained in Paragraph 110 of Plaintiffs' Amended Complaint.

111. In response to the allegations contained in Paragraph 111 of Plaintiffs' Amended Complaint, Defendant incorporates herein by reference his responses to Paragraphs 1-110 of Plaintiffs' Amended Complaint.

112. In response to the allegations contained in Paragraph 112 of Plaintiffs' Amended Complaint, Defendant states that the United States Constitution and the Fourteenth Amendment thereto speak for themselves and Defendant denies all allegations inconsistent with that document.

113. In response to the allegations contained in Paragraph 113 of Plaintiffs' Amended Complaint, Defendant admits that the BMV has and enforces a policy of preventing the parents of driver's license and state identification card applicants who are 16 and 17 years of age from cosigning for the application if they cannot produce either a valid driver's license or documentation of legal presence regardless of where the parents were born.

114. Defendant states that Paragraph 114 of Plaintiffs' Amended Complaint contains legal arguments to which no response is required.

115. Defendant denies the allegations contained in Paragraph 115 of Plaintiffs' Amended Complaint.

116. Defendant denies the allegations contained in Paragraph 116 of Plaintiffs' Amended Complaint.

117. Defendant denies the allegations contained in Paragraph 117 of Plaintiffs' Amended Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of Plaintiffs' Amended Complaint.

119. Defendant denies the allegations contained in Paragraph 119 of Plaintiffs' Amended Complaint.

120. Defendant denies the allegations contained in Paragraph 120 of Plaintiffs' Amended Complaint.

121. With respect to the WHEREFORE clauses and subclauses of the Complaint, Defendant states that these are legal arguments, to which no responses is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief sought or any relief whatsoever.

122. Defendant denies each and every allegation of the Complaint not expressly admitted herein to be true.

## FIRST AFFIRMATIVE DEFENSE

123. If Plaintiffs have suffered any harm, injury or damage, any harm was caused in whole or in part by Plaintiffs' own actions.

## SECOND AFFIRMATIVE DEFENSE

124. Defendants raise the defenses of Fed. Civ. R. 12(b).

## THIRD AFFIRMATIVE DEFENSE

125. No actual controversy exists between the parties.

## FOURTH AFFIRMATIVE DEFENSE

126. Plaintiffs have failed to state a claim upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

127. Defendants reserve the right to assert such additional affirmative defenses as may become appropriate.

## JURY DEMAND

Defendant demands a trial by jury.

Wherefore, Defendant, Charles Norman, Registrar, Ohio Bureau of Motor Vehicles, asks the Court to dismiss this Complaint, all claims, all requests for relief, with prejudice, and tax all costs to Plaintiffs.

Respectfully submitted,

DAVE YOST
Attorney General of Ohio

/s/ Brian R. Honen
Hilary R. Damaser (0059190)
Brian Honen (0084880)
Cory Goe (0090500)
Jahan Karamali (0093800)
Assistant Attorneys General
Executive Agencies Section
30 East Broad Street, 26th Floor
Columbus, Ohio  43215-3428
614.466.2980; FAX: 614.728.9470
hilary.damaser@ohioattorneygeneral.gov
brian.honen@ohioattorneygeneral.gov
cory.goe@ohioattorneygenera.gov
jahan.karamali@ohioattorneygeneral.gov
*Counsels for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **Defendants' Answer to Plaintiffs' Amended Complaint (Doc. # 11)** was filed through the Court's CM/ECF system and was served via electronic mail this 16th day of August, 2019 upon the following:

Emily M. Brown, Esq.
ebrown@ablelaw.org

Kathleen C. Kersh, Esq.
kkersh@ablelaw.org

Mark R. Heller, Esq.
mheller@ablelaw.org

Eugenio Mollo, Jr., Esq.
emollo@ablelaw.org

Ana P. Crawford, Esq.
acrawford@porterwright.com

Caroline H. Gentry, Esq.
cgentry@porterwright.com

*Counsel for Plaintiffs*

/s/ Brian R. Honen
Brian R. Honen (0084880)