**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **INTERCOMMUNITY JUSTICE AND PEACE CENTER, et al.,** | : | **CASE NO. 2:18-CV-1247** |
| | : | |
| | : | |
| **Plaintiffs,** | : | **JUDGE EDMUND A. SARGUS, JR.** |
| | : | |
| | : | **MAGISTRATE KIMBERLY A. JOLSON** |
| **vs.** | : | |
| | : | |
| **CHARLES L. NORMAN, REGISTRAR, OHIO BUREAU OF MOTOR VEHICLES, in his official capacity,** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT**

---

## I.    Introduction

Plaintiffs are minor citizens who are ineligible for temporary Ohio driver's licenses because they do not satisfy the Ohio Bureau of Motor Vehicles' ("BMV") requirements. Defendant Charles Norman, Registrar of the BMV, properly denied Plaintiffs' applications because Plaintiffs do not have a parent or guardian who can co-sign and therefore accept liability for the minor as required by Ohio law.

The General Assembly vested Registrar Norman and the BMV with the authority to adopt rules and policies to better serve the public.  These policies ensure that Ohio citizens have recourse against minor drivers in the event of an accident.  These policies, adopted in accordance with the BMV's statutory authority, are consistently applied to all Ohio citizens in conjunction with the Real ID Act of 2005, Pub. L. 109-13, codified in Section 30301, Title 49, U.S. Code,

note (2005) (Improved Security for Drivers' Licenses and Personal Identification Cards) (the "REAL ID Act"). This ensures Ohio drivers have a federally compliant form of identification, and that requirements are consistent for forms of licensure. Finally, the BMV's policies do not violate the Equal Protection Clause of the United States Constitution. The policies are rationally related to these legitimate government aims.

## II. Factual Background

Plaintiffs include minors who do not meet the BMV's requirements for licensure. Their parents cannot lawfully co-sign their applications, specifically, the parents cannot meet the requirement that a co-signer demonstrate "legal presence" in order to accept liability for a minor driver. Named Plaintiffs A.M. and J.G.R. were members of the stated class at the time of filing this lawsuit. Now, having reached majority age, they can apply for driver's licenses without having a co-signer on their applications. Plaintiff K.I.A. has not completed the required driver's course to apply for a temporary driver's license, but is still a member of the proposed class. Plaintiff Intercommunity Justice and Peace Center ("IJPC") asserts that it has suffered hardship due to the BMV's policies.

Plaintiffs brought this lawsuit on behalf of all 16- and 17-year-olds residing in Ohio who are U.S. citizens or are otherwise "legally present," and whose parents are non-citizens and do not possess the required United States Customs and Immigration Service ("USCIS") documentation to co-sign the minors' driver's license or state identification card applications.

## III. Argument

### A. Standard of Review

In deciding a motion for summary judgment, a court views the factual evidence and draws all reasonable inferences in favor of the non-moving party. *Thomas v. Cohen*, 453 F.3d

657, 660 (6th Cir. 2004) (citations omitted).  "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial."  *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).  Ultimately, the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Martingale, LLC v. City of Louisville*, 361 F.3d 297, 301 (6th Cir. 2004).

### B.    Plaintiffs A.M. and J.G.R. have no case or controversy against the BMV.

Plaintiffs A.M. and J.G.R. no longer have viable claims against Registrar Norman.  They filed their action on the basis of the class being minors; A.M. and J.G.R. have since reached the age of majority.  Their majority status makes the BMV's policy inapplicable to them.  Because Article III standing requires that the case or controversy be present throughout the suit, Plaintiffs A.M. and J.G.R.'s claims are now moot.  As such, this Court has no remaining dispute to resolve and this suit is inappropriate for summary judgment resolution.

Article III, Section 2 of the Constitution mandates that federal courts adjudicate only actual "ongoing cases or controversies."  *Chirico v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir.2004).  Generally, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id.* (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  A "live" controversy is one that persists in "definite and concrete" form, even after intervening events have changed the parties' circumstances.  *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1975).  *See also Church of Scientology v. California*, 506 U.S. 9, 12 (1992) (holding that federal courts may not render opinions on moot questions or declare principles of

law that cannot affect issues in cases before them).  An actual live controversy "must be extant at all stages of review" and it is not enough that a controversy existed when suit was filed.  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).  If events occurring subsequent to the filing of a lawsuit deprive a court of the ability to grant relief, the case must be dismissed as moot.  *Hall v. Beals*, 396 U.S. 45, 48, 90 S. Ct. 200, 201–02 (1969).  A live case or controversy must exist at the time when a federal court decides a case; otherwise, the case is moot.  *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir.2005).

Here, both named Plaintiffs are now over the age of eighteen and are eligible for driver's licenses without a co-signer.  Plaintiffs' claims are not "inherently transitory," as they assert.  *See* Doc. 56, p. 4, fn. 1.  A claim is only inherently transitory if, "it would likely evade review by becoming moot before the district court *can rule on class certification*."  *See Wilson v. Gordon*, 822 F.3d 934, 945 (6th Cir. 2016) (holding that a claim that was live at the time of filing for class certification is not mooted if it is "inherently transitory").  All named Plaintiffs were minors when Plaintiffs filed for class certification on December 13, 2018.  Registrar Norman did not oppose this motion for certification and this Court did in fact rule on class certification.  Thus, Plaintiffs' claim did not evade review by becoming moot.

A.M. and J.G.R., however, will never again be minors or members of the class.  Although their minor-age status allowed them to participate through class certification, their now majority status entirely undermines their ability to continue through the summary judgment stage.  Without a live case or controversy, this Court cannot issue any judgment.  Further, even without this clear majority-age disqualification, Plaintiffs can point to no facts from discovery supporting their premise that "other class members are suffering injury." *See* Doc. #56, p. 4, fn. 1.  Even

when Plaintiffs were asked to demonstrate this basic Article III requirement, they failed to do so. As such, A.M. and J.G.R.'s claims do not present a live case or controversy and this Court cannot resolve moot lawsuits.

C.     **The BMV's compliance with the REAL ID Act presents a genuine issue of material fact rendering summary judgment inappropriate.**

The Real ID Act establishes minimum standards for security of drivers' licenses and personal identification cards, but allows for more stringent requirements at the discretion of the states.  Pub. L. 109-13, codified in Section 30301, Title 49, U.S. Code, note (2005) (Improved Security for Drivers' Licenses and Personal Identification Cards).  The REAL ID Act left the manner of implementation and procedures for compliance to individual states to determine. There are no conflicts between the REAL ID Act and the Ohio BMV's rules and regulations.  In fact, like the Ohio Revised Code, the REAL ID Act is silent as to co-signers, and the Ohio General Assembly and the BMV are free to both require co-signers in the first place and to establish the criteria for those co-signers.  Both the Real ID Act and BMV policy require applicants to show full legal name, date of birth, legal presence in the United States, Social Security number, and an Ohio street address when applying for a license.  By requiring all co-signers to present the same documentation that drivers themselves are required to present, the BMV promotes a consistent policy.  Accordingly, the BMV's consistent application of REAL ID Act standards presents a genuine issue of material fact that must properly be tried before the court.  As such, summary judgment is inappropriate.

D.     **The BMV has the authority to enact policies necessary to carry out Ohio's motor vehicle laws.**

The Registrar of the BMV has the authority to adopt forms and rules necessary to carry out Ohio's motor vehicle laws, particularly when the statutes are silent on the question of what

documents a co-signer must present to a Deputy Registrar in order to accept liability on behalf of a minor driver and "establish [] that the adult is the individual whose signature appears on the application."  Ohio Rev. Code § 4501.02 and 4507.07(A).  To clarify the statutory requirements, the BMV requires that a co-signer present proof of identity by presenting a valid Ohio credential, out-of-state credential, or proof of the five elements to establish legal presence under the REAL ID Act.  This is consistent with the required documentation that must be submitted *for anyone* to obtain an Ohio driver's license.  Ohio Adm. Code § 4501:1-1-21(C), (G).

The General Assembly explicitly prohibits the Registrar from "grant[ing] the application of any minor under eighteen years of age for a probationary license, a restricted license, or a temporary instruction permit, unless the application is signed by one of the minor's parents, the minor's guardian, another person having custody of the applicant, or, if there is no parent or guardian, a responsible person who is willing to assume the obligation imposed under this section."  Ohio Rev. Code § 4507.07(A).

When a minor under eighteen years of age submits an application for a license or permit at a driver's license examining station, the adult who signs the application shall present identification establishing that the adult is the individual whose signature appears on the application.  *Id.*  The registrar shall prescribe, by rule, the types of identification that are suitable. *Id.*  If the adult who signs the application does not provide identification as required by this paragraph, the application shall not be accepted.  *Id.*  When a minor under eighteen years of age applies for a probationary license, a restricted license, or a temporary instruction permit, the registrar shall give the adult who signs the application notice of the potential liability that may be imputed to the adult pursuant to division (B) of this section and notice of how the adult may prevent any liability from being imputed to the adult pursuant to that division.  *Id.*  The Ohio

6

Revised Code also imputes liability from a minor's negligence or misconduct to the co-signer. Ohio Rev. Code § 4507.07(B). The co-signer has the ability to cancel a minor's license or permit. Ohio Rev. Code § 4507.07(C).

The BMV's policy requires that the deputy registrar ask a cosigner if he or she is a parent or legal guardian of the minor applicant, but does not require documentation proving the relationship. Driver Manual, Doc. 23-2, Page 268. Contrary to Plaintiffs' assertion in its Motion for Summary Judgment at page eight, the BMV has not "interpreted the policy to allow only a parent or legal guardian to be the co-signer unless the minor is emancipated." If the co-signer indicates that he or she is not the legal guardian, the deputy registrar employee has the option of selecting "other" and continuing on with the application. BMV Affidavit from Derek Casper, attached hereto as Exhibit A, ¶ 2. The "no" response does not prevent the non-parent, non-legal guardian adult from co-signing for the minor applicant. *Id*. The plain language of the statute is sufficient to demonstrate a genuine issue of material fact.

**E.  Where the Revised Code is silent, this Court must defer to the BMV's lawful policy and its exercise of its police powers.**

Driver's licenses (and temporary driver's licenses) are issued by states under the exercise of their police powers. *See United States v. Hollon*, S.D.Ohio No. 3:14-cr-165, 2015 U.S. Dist. Lexis 97857, at *5 (July 20, 2015) (citing *United States v. Snyder*, 852 F.2d 471, 475 (9th Cir. 1988)). The federal government has no constitutional authority to interfere with a state's exercise of its police power. *Id.* Nothing in federal law as it exists today preempts the state of Ohio from setting such requirements. It is a well-settled principal that "the historic police powers of the state [are] not to be superseded . . . by Federal Act unless that [is] the clear and manifest purpose of congress." *Cipollone v. Liggett Group, Inc.,* 112 S. Ct. 2608, 2617 (1992) (brackets and ellipses in original) (quoting *Rice v. Santa Fe Elevator Corp.*, 67 S. Ct. 1146

(1947)).  Only "when Congress has unmistakably . . . ordained . . . that its enactments alone are to regulate a part of commerce, state laws regulating that aspect of commerce must fall." *Jones v. Rath Packing Co.,* S. Ct. 1305 (1977) (internal quotation and citation omitted) (first ellipsis in original).  Thus, there is a strong "presumption against the pre-emption of state police powers." *Mulligan v. Pfizer, Inc.*, 850 F. Supp. 633, 635, 1994 U.S. Dist. Lexis 4558, *1–2 (citing *Cipollone*, 112 S. Ct. at 2618).  Congress has not occupied the field of state driver's licenses, and the REAL ID Act does not regulate how Ohio issues its driver's licenses or restrict Ohio's requirements that are over and above what the REAL ID Act requires.  Ohio's requirements in this field are therefore proper and were inappropriate for this Court's review at the outset.

In Ohio Revised Code § 4501.02(A)(1), the General Assembly delegated to the BMV the authority to "[a]dopt such forms and rules as are necessary to carry out all laws the registrar is required to administer."  Because Congress has not set federal requirements for driver's licenses, Ohio is free to enact statutes that govern these requirements for its drivers.  Further, the BMV is free to effectuate the legislative policy as set forth in Ohio's statutes and create rules and policies to better serve Ohio citizens.  In Revised Code § 4507.01 and .071, the General Assembly delegated to the BMV the authority to promulgate by rules the definitions for residency categories and requirements for probationary licenses.  This promulgation, borne out in Ohio Adm.Code § 4501:1-1-35 and 4501:1-37, is authorized, consistent with the aforementioned statutes, and proper.  The BMV has validly exercised this authority to require proof of legal presence documentation for co-signers.   As the REAL ID Act does not preclude these requirements, the requirements are not preempted by federal legislation.  The BMV's interpretation of its statutory authority in enacting this policy, in furtherance of consistency

8

amongst licensees and compliance with the Real ID Act, presents a genuine issue of material fact for review, and deference to the agency's interpretation of its policies and procedures should not be dismissed out of hand.

**F.      The BMV has the power to interpret statutes and adopt necessary requirements to effectuate its mission.**

The Ohio General Assembly properly authorized the BMV to adopt requirements to prove the identification of a minor's co-signer.  In *Doyle v. Ohio BMV*, the Ohio Supreme Court held that the Ohio General Assembly had properly delegated to the BMV the authority to define the term "alcoholic," and that the Bureau had properly done so within the confines of such delegation.  51 Ohio St. 3d 46, 48. At the time of the actions giving rise to the decision in *Doyle*, the General Assembly had not defined the term "alcoholic" in the legislation prohibiting the issuance of a temporary instruction permit or driver's license to a person who is an alcoholic.  In *Doyle*, the Supreme Court affirmed that "rules issued by administrative agencies pursuant to statutory authority have the force and effect of law."  *Doyle* at 47 (citing *Parfitt v. Columbus Correctional Facility*, 62 Ohio St. 2d 434, 436 (1980)).  The Court noted that, in defining "alcoholic," the Registrar was carrying out the policy enunciated by the General Assembly in enacting the applicable Revised Code provision.  *Id.* at 51.

Here, the Ohio General Assembly requires that the co-signer present documentation that establishes "that the adult is the individual whose signature appears on the application." Ohio Rev.Code § 4507.07(A).  Pursuant to BMV policy, a co-signer must present a valid Ohio driver license, a valid Ohio identification card, or documentation that proves all five elements of identity (full legal name, date of birth, legal presence in the United States, Social Security number, and an Ohio street address.).  BMV's Driver Manual, Chapter 3, p. 4.  The BMV is within its statutory authority to define "documentation," as it was within its statutory authority to

9

define "alcoholic" in *Doyle*. To maintain consistency between drivers and cosigners, the BMV has defined "documentation" within Ohio Rev.Code § 4507.07(A) as requiring documentation to prove all five elements as it does with the applicants themselves. The cosigner is, in effect, a co-applicant. The statute requires that a co-signer take on liability for minor drivers, and that the co-signer be notified of this responsibility. Additionally, co-signers have the ability to cancel the minor driver's licenses at the co-signer's discretion. Thus, the BMV, through its policy, maintains consistent requirements for all those applying for the privilege of a driver's license on behalf of either themselves or another person, and for those assuming the liability of another person. Because this policy applies to all licensees and their co-signers, it is a lawful exercise of the BMV's police powers.

None of Plaintiffs' allegations counter the State of Ohio's legitimate state interest in exercising its police power to verify co-signer identification for minor applicants. State-issued driver's licenses or ID cards are the primary form of identification for most individuals and, consequently, the state has a legitimate interest in verifying that information. In the case of minor applicants, the BMV must effectuate policies that protect other Ohio drivers from minor drivers. If a minor driver is involved in an accident, the co-signer has legally assumed liability for the minor driver, thus providing recourse for the other party. This protects both the BMV and other Ohio motorists. The BMV also has a legitimate interest in consistent requirements for all forms of licensure. Because the BMV has a rational basis to consistently require legal presence from all licensees, it is inappropriate for the Court to rule without first thoroughly examining the issues of material fact weighing in favor of (BMV rational basis argument).

**IV.    Conclusion**

For the reasons set forth above, Defendant Charles L. Norman respectfully requests that

the Court deny Plaintiffs' motion for summary judgment and allow this case to move forward.

Respectfully submitted,

DAVE YOST
Attorney General of Ohio

/s/ Hilary R. Damaser
Hilary R. Damaser (0059190)
Brian R. Honen (0084880)
Jahan S. Karamali (0093800)
Cory J. Goe (0090500)
Assistant Attorneys General
Executive Agencies Section
30 East Broad Street, 26th Floor
Columbus, Ohio  43215-3428
614.466.2980; FAX:  614.728.9470
hilary.damaser@ohioattorneygeneral.gov
brian.honen@ohioattorneygeneral.gov
jahan.karamali@ohioattorneygeneral.gov
cory.goe@ohioattorneygeneral.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **Defendant Charles Norman's Response to Plaintiff's Motion for Summary Judgment** was filed through the Court's CM/ECF system and was served via electronic mail this  20th day of November, 2019 upon the following:

Emily M. Brown, Esq.
ebrown@ablelaw.org

Kathleen C. Kersh, Esq.
kkersh@ablelaw.org

Mark R. Heller, Esq.
mheller@ablelaw.org

Eugenio Mollo, Jr., Esq.
emollo@ablelaw.org

Ana P. Crawford, Esq.
acrawford@porterwright.com

Caroline H. Gentry, Esq.
cgentry@porterwright.com

*Counsel for Plaintiffs*

/s/ Hilary R. Damaser
Hilary R. Damaser (0059190)